## W. G. SMITH v. A. A. GUNN.

### Decided November 3, 1909.

**1.—Building Contract—Delay—Notice to Perform.**

Defendant, who had failed to perform his contract to construct a building for plaintiff within the time specified therein, the action being for damages by such delay, could not show as a defense that he had told plaintiff, during the progress of the work that he would shortly complete and deliver it upon notice from plaintiff that he desired to use or rent it. He could not, by such course impose on plaintiff a duty to give such notice not provided for by the contract, and no doctrine of contributory negligence of plaintiff in failing to give notice to him to perform was applicable to the case.

**2.—Nominal Damages—Charge—Costs—Remittitur.**

Where plaintiff, under a given state of the evidence, was entitled to only nominal damages, it was error to charge the jury in such event to find for defendant; and this was not cured by defendant remitting his recovery of costs under such charge and having the costs of suit taxed against himself.

**3.—Evidence—Damages—Loss of Rents.**

Where plaintiff sued for loss of the rental value of a building during the period of defendant's delay in performance of his contract to construct it within a given time, not for loss of its use in his own business, evidence that plaintiff had gone out of business and did not need it for his own use was irrelevant in defense, and was improperly admitted.

**4.—Evidence—Relevant Circumstances.**

Circumstances which considered separately may have little probative force, may have, in combination, a material bearing on the issues, and be therefore admissible.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

*W. A. Barlow,* for appellant.—One whose duty it is to perform a service necessary to the fulfillment of a contract into which he has entered is, in law, expected to perform such duty, and will not be heard to complain that the other party to the contract refused, upon demand, to do something not provided for in the contract. St. Louis, A. & T. Ry. Co. v. Mackie, 71 Texas, 491; Sutherland on Damages, p. 261.

The proper measure of damages for delay in the construction of a building is the reasonable rental value of such building in a com-

pleted condition, at the place where same is to be constructed and for the period of time covered by the delay, regardless of whether the owner had any use for the building or not, or whether he could or could not have rented same. Collier v. Betterton, 87 Texas, 441; 3 Sutherland on Damages, 2130-31; Galbraith v. Chicago A. Iron Works, 50 Ill. App., 249; Covode v. Principall, 110 Mich., 672; 3 Sutherland on Damages, 2133; 3 Page on Contracts, sec. 1574, p. 2396; 1 Sedg. on Damages, sec. 186; 150 Fed., 672.

When plaintiff showed a contract and its breach, if he had not even attempted to prove any actual damage, he became entitled to at least nominal damages, and the effect of the charge is to peremptorily charge them against the plaintiff on this issue. Davis v. Texas & P. Ry. Co., 91 Texas, 510; Raymond v. Yarrington, 73 S. W., 804; Miller v. Moore, 111 S. W., 750; 3 Page on Contracts, sec. 1571; 1 Sutherland on Damages, sec. 11, p. 31.

The plaintiff's right to a verdict and judgment in his favor was a substantial one, and he can not be deprived thereof by the defendant's merely remitting the cost. Thomas v. Womack, 13 Texas, 579; Hardeman & Son v. Morgan, 48 Texas, 104; International & G. N. R. R. Co. v. Wilkes, 68 Texas, 617; Clifford v. Lee, 23 S. W., 843.

*Stanton Allen* and *Wilcox & Graves,* for appellee.—It is the legal duty of a party having a cause of action for damages, whether growing out of contract or tort, to prevent the accrual of further damage and to minimize the damage, when the same can be done at small cost and trouble. Simkins on Contracts and Sales, p. 265, and cases therein cited; Warren v. Stoddard, 105 U. S., 224; 1 Sutherland on Damages, secs. 88, 155 et seq.

The measure of damage for delay in the completion of a building is the reasonable rental value or reasonable value of the use thereof, provided that such building could have been rented or that plaintiff had a use therefor during the time of the delay. 6 Cyc., 114, and cases therein cited; 13 Cyc., 158, and cases therein cited.

Since appellee entered a remittitur of that part of the judgment in his favor for costs and the judgment was then reformed so as to give appellant judgment for costs, no substantial injustice has been done appellant by the court's failure to charge on nominal damages and the judgment should not be reversed. Menefee v. Hamilton, 32 Texas, 495; Freeman v. Miller, 53 Texas, 372; Roper v. Brady, 80 Texas, 588; Wilson v. Vick, 51 S. W., 45; Jones v. W. U. T. Co. (Tenn.), 47 S. W., 699; Yampert v. Johnson (Ark.), 15 S. W., 363; Ringlehaupt v. Young (Ark.), 17 S. W., 710; Glasscock v. Rosengrant (Ark.), 18 S. W., 379; Hubbard v. Tel. Co. 14 Am. Rep., 775; United States Ex. Co. v. Koeran, 33 L. R. A., 600; 13 Cyc., 21; 3 Cyc., 446; 1 Sedgwick on Damages, sec. 109; 1 Sutherland on Damages, sec. 11; 2 Addison on Contracts, 670.

KEY, ASSOCIATE JUSTICE.—W. G. Smith brought this suit against A. A. Gunn seeking to recover damages for alleged delay in completing a certain building, which it was alleged Gunn had contracted

and agreed to complete and deliver within ninety days from the date of the contract. The plaintiff alleged that the building was not completed until nine and one-third months after the time agreed upon for its completion.

The defendant's answer included a general demurrer, several special exceptions, a general denial, and a special plea setting up certain matters which we deem it unnecessary to set out in detail.

The plaintiff filed a first supplemental petition, and the defendant filed a first supplemental answer, the particulars of which need not be here stated.

There was a jury trial, which resulted in a verdict and judgment for the defendant, and the plaintiff has appealed. After the plaintiff filed his motion for a new trial, and before it was overruled, the defendant filed what was termed a remittitur of so much of the judgment as taxed the costs against the plaintiff, and asked that the costs be taxed against the defendant. The court granted that motion and then overruled the plaintiff's motion for a new trial.

We have neither the time nor disposition to discuss in detail the numerous assignments of error presented in appellant's brief, and shall confine the discussion, in the main, to the errors which require a reversal of the judgment.

The defendant urged and the trial court approved a ground of defense which has no support in law and no place in the case. The defense referred to is indicated by the following paragraph of the court's charge, which is assigned as error:

"If you find from the evidence that the defendant delayed the construction and delivery of said building, and you find that such delay, if any, is not excused by your findings under instructions above given you, and you further find that the defendant informed plaintiff at the beginning or during such delay, if any, that he, defendant, would deliver to plaintiff said building within a short period of time upon notice by plaintiff to defendant that plaintiff desired to use or rent said building, and you further find that defendant could and would have delivered said building within such a period of time upon such notice, and you further find that plaintiff, in the exercise of ordinary care to prevent the accrual of damage to him, that is, such care as an ordinarily careful and prudent person would exercise under the same or similar circumstances, should have given such notice to defendant, if he desired and could use or rent same, and you further find that plaintiff did not give such notice, then you are instructed that you will not find for plaintiff any damages, which you may find that plaintiff could have prevented, if you find he could have and should have prevented same, by giving such notice to defendant."

When analyzed, it will be seen that this charge embraces the proposition that, although the defendant may have breached his contract, nevertheless, the plaintiff could not recover damages on account of such breach if the defendant notified the plaintiff that he would finish and deliver the building within a short period of time, upon notice that the plaintiff desired to use or rent the building, and that the plaintiff was guilty of negligence in not giving such notice.

If the defendant breached the contract by failure to complete the building within the time agreed upon, he could not lay any duty upon the plaintiff, the nonperformance of which would constitute negligence, by notifying the plaintiff that he would complete and deliver the building thereafter, upon condition that plaintiff would do something dictated by the defendant. Under the circumstances referred to, if they existed, no duty rested upon the plaintiff to give the defendant the notice specified, and therefore the plaintiff could not be charged with negligence upon failing to give such notice. There is no rule of law or equity that will permit a wrongdoer to dictate the terms upon which he will repair the wrong or diminish its injurious effect, and then assert as a defense the failure of the injured party to comply with the terms dictated by such wrongdoer. The doctrine of contributory negligence has no application to this case; nor does this belong to the class of cases where a plaintiff is required to exercise care to prevent or diminish injury. Hence, we hold that the trial court committed error in giving countenance to the defense referred to, in admitting testimony in support of that defense, and in giving the charge above set out.

There was also error committed in that portion of the court's charge which instructed the jury that if there was inexcusable delay in the construction and delivery of the building, but that during the time of such delay the building would not have had a use or rental value to the plaintiff, then to return a verdict for the defendant. Under the circumstances referred to, the plaintiff would have been entitled to a verdict and judgment for nominal damages and costs, and for that reason it was error to give such instruction. Whether or not that error was cured by the alleged remittitur, and the action of the court in adjudging the costs against the defendant, it is not necessary to decide, as that question is not likely to arise upon another trial. However, it would seem that when, upon a given state of facts, a litigant is entitled to a judgment in his favor on the merits of the case, the error in rendering judgment on the merits for his adversary is not entirely cured by taxing the costs against such adversary, even though the complaining litigant was only entitled to recover a nominal sum.

We also hold that error was committed in requiring the plaintiff, over his objection, to state to the jury when he went out of the grocery business, and that after he went out of that business he made no effort to rent another building to continue such business in. The plaintiff sued for what would have been the rental value of the building during the time of the delay in its construction, and not for what it would have been worth to him for use in his business, and therefore the testimony referred to was immaterial.

We overrule the various assignments which complain of the action of the court in admitting certain testimony bearing upon the question of rental value of the building. Some of it consisted of circumstances only, which, considered separately, may have been of but little probative force, but all of the testimony referred to had a material bearing on the question of rental value, and therefore

was admissible. (6 Cyc., 114, and cases there cited; 13 Cyc., 158, and cases there cited.)

All the assignments of error presenting other questions have been considered and are overruled. For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*