QUANAH, A. & P. RY. CO. v. BONE.
(No. 1446.)

(Court of Civil Appeals of Texas. Amarillo.
Jan. 8, 1919. Rehearing Denied Feb.
5, 1919.)

1. CARRIERS ⊙⊃184—CONNECTING CARRIERS—
DELAY IN TRANSPORTATION—PETITION.

Averment of general notice to railroad company of damages that would result from refusal to seasonably deliver cars to connecting carrier *held* sufficient averment as to notice to sustain recovery by consignee who was contractor for loss of his own time.

2. CARRIERS ⊙⊃184—DELAY IN TRANSPORTATION—PETITION.

Petition by consignee who was contractor to recover for railroad company's refusal to seasonably deliver shipments to connecting carrier *held* not sufficient to warrant contractor's recovery for his own loss of time.

3. CARRIERS ⊙⊃184—DELAY IN TRANSPORTATION—PETITION.

Petition by consignee seeking to recover for carrier's refusal to seasonably deliver to connecting carrier *held*, in view of former trial, sufficient to warrant admission of evidence as to shipments delayed.

4. CARRIERS ⊙⊃185 (2)—DELAY—EVIDENCE.

In a consignee's action for carrier's refusal to seasonably deliver to connecting carrier, evidence that carrier placed derail on tracks connecting with line of connecting carrier *held* admissible, where carrier denied refusal.

5. EVIDENCE ⊙⊃568(7)—OPINION EVIDENCE—EFFECT.

Estimate by plaintiff, who sued carrier for delay in delivering shipment to connecting carrier, as to loss due to lack of proper material on brickwork, *held* not binding, so charge restricting jury to that amount was properly refused as on weight of evidence.

6. TRIAL ⊙⊃260 (7)—INSTRUCTIONS—REFUSAL OF REQUESTS.

In action for defendant's failure to seasonably deliver shipments to connecting carrier, *held*, as instructions as a whole properly submitted the case, that refusal of requests that no penalty could be recovered for defendant's failure to deliver in shorter time than that fixed by Railroad Commission was not error.

7. PLEADING ⊙⊃228—EXCEPTIONS — PLEADING GOOD IN PART.

A general exception to petition seeking to recover from defendant for failure to seasonably deliver shipments to connecting carrier should be overruled, where allegations as to some shipments were sufficient.

8. CARRIERS ⊙⊃184—DELAY—PETITION.

Petition to recover for defendant's failure to seasonably deliver shipment to connecting carrier *held* not open to exception on ground of vagueness of allegations as to shipments, in view of former trial.

9. APPEAL AND ERROR ⊙⊃221 — OBJECTIONS TO JUDGMENT—GENERAL ASSIGNMENT.

Where defendant desired to complain of the excessiveness of the judgment because of recovery allowed on account of certain shipments which it was claimed were not delivered to connecting carrier in reasonable time, *held* that, under Rules 24, 25, and 26 for Courts of Civil Appeals (142 S. W. xii) and Rule 68 for District Courts (142 S. W. xxii), matter should be distinctly set out to give trial court opportunity to correct error, and general assignment is not enough.

10. CARRIERS ⊙⊃186—DELAY — DAMAGES—PASSION OR PREJUDICE.

In action against railroad for failure to seasonably deliver shipments to connecting carrier, *held*, that verdict awarding damages for particular shipments did not show passion or prejudice on part of jury.

Appeal from District Court, Motley County; J. H. Milam, Judge.

Action by Fred Bone against the Quanah, Acme & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded, unless plaintiff enter remittitur.

See, also, 199 S. W. 332.

G. E. Hamilton, of Matador, and Jno. P. Marrs, of Quanah, for appellant.

Bouldin & Surles, of Matador, for appellee.

BOYCE, J. Appellant, Fred Bone, had a contract for the erection of a bank building at Matador, Tex. He ordered certain material—brick, lumber, cement, etc.—and tools for use in the construction of said building, to be shipped to said place. Such shipments would move over the line of the Quanah, Acme & Pacific Railway Company, the appellant, to its junction with the Motley County Railway Company, at Matador Junction, and thence over said last-named road to Matador. The appellant railway company during this time had some dispute with the Motley County Railway Company, and on account thereof refused to deliver some of these shipments to the Motley County Railway Company, but carried them by said Matador Junction to Roaring Springs, from which point appellant was compelled to haul them by wagon. Other shipments were held by the appellant railway company for a longer time than it was entitled to hold them under the orders of the Railway Commission, but were finally delivered to the Motley County Railway Company and transported to Matador. Appellee, on account of being unable to get material while it was thus being held, had to lay off or pay some of his workmen employed on the building, and was unable to proceed with the work in a regular and systematic manner. He sued for and recovered in this suit actual damages thus sustained

and penalties of $250 each for twelve shipments held by appellant railway company, in alleged violation of law. This is the second appeal of this case. Q., A. & P. Ry. Co. v. Bone, 199 S. W. 332.

[1, 2] By the first assignment it is complained that plaintiff was permitted, over objection, to testify that on account of the delay in delivery of material he himself had lost 5 days' time, worth $15 per day, because there were no allegations of damage that would permit the introduction of such evidence, and because it was not alleged that the defendant had notice of such element of damage. The allegation of general notice to the appellant of the nature of the damages that would be suffered by reason of its wrong' was, we think, sufficient in this respect. Q., A. & P. Ry. Co. v. Bone, 199 S. W. 332. We do not think, however, that this item of damage fairly comes within any element of actual damages claimed in the petition. There are two specifications of actual damages: It was alleged that, on account of the enforced idleness of his employés, plaintiff "paid such employés an aggregate amount of $787.50" in excess of the amount he would have paid but for the lack of said material. Compensation for plaintiff's own lost time does not fall within this allegation. The other allegation is to the effect that by reason of lack of proper material plaintiff was prevented from carrying on the work in a systematic and orderly course, and that this resulted in an additional delay of 15 days in the completion of said building, and "that the extra expense caused plaintiff for each one of said 15 days was $31.50 per day." In connection with the testimony as to plaintiff's lost time, it appears that plaintiff resided at Amarillo and spent most of his time at that place; that on the occasion when these 5 days were lost he was at Matador, and the work was during such time entirely suspended because the brick were being held by the appellant at Roaring Springs. So that the allegation of the time lost by plaintiff should properly have been in connection with the first element of damages above stated. An analysis of the details of the evidence as to the number of men employed while the work was progressing and the wages paid them shows that the $31.50 per day was not intended to include any allowance for plaintiff's time; besides, pay for plaintiff's own time would not, we think, be properly classed as "expense." This error will not, however, require a reversal of the case if a remittitur in the sum of $75 shall be made by appellee.

[3] By the second assignment appellant complains of the admission of certain evidence which tended to show that one of the cars of lumber owned by plaintiff was wrongfully held by the defendant because the pleading as to such car of lumber was not sufficiently clear to apprise the defendant of what it must·answer. The petition distinctly makes these allegations: That this car of lumber was purchased about August 10, 1914, and was thereafter transported and delivered to defendant at Quanah, consigned to R. D. Jones Lumber Company at Matador, and that the defendant refused to deliver the same, but held it for a period of four days at Roaring Springs. This allegation is, we think, sufficient to permit the admission of the evidence. There is no variance between the pleading and the proof. Appellant would probably, on special exception, have been entitled to a more particular statement. This same car of lumber figured in the other trial of the case, and we judicially know from the record in that case that the very evidence which is here complained·of was introduced on that trial. Under these circumstances, appellant cannot reasonably claim that it was not apprised of what would be expected to be proven under this allegation.

[4] .We do not think there was error in the admission of the evidence referred to in the third assignment, to the effect that some time during the summer of 1914, while the appellant railway company and the Motley County Railway Company were having a controversy over freight matters, the appellant railway company placed a derail on the track of the Motley County Railway Company that connected with the tracks of the appellant railway company. This evidence, considered with the other evidence offered in connection therewith, tended to show that the appellant railway company was refusing to deliver any freight shipped to points on the line of the Motley County Railway Company, and that the purpose of the placing of the derail on said track was to prevent the transfer of any cars from one road to the other. It is shown that this controversy was in progress while plantiff's shipments were being made, and the plaintiff's testimony tended to show that this was the real cause of the failure and refusal on the part of the appellant to deliver his said shipments. The defendant at the trial claimed that the said shipments were taken to Roaring Springs merely in preparation for delivery to the Motley County Railway Company, and not in refusal of delivery to said connecting carrier. The testimony was admissible on the issue thus made and tended to show a universal rule or system of action that contradicted the claim put forth in this case in reference to the handling of these shipments and the controlling motives therein. Western Union Tel. Co. v. Simmons, 93 S. W. 686; Compagnie, etc., v. Victoria Mfg. Co., 107 S. W. 651; Q., A. & P. Ry. Co. v. Bone, 199 S. W. 334, pars. 8 and 9.

[5] We do not think the court was required to give the requested charge referred to

in the fourth assignment. This charge was based on the estimate made by plaintiff that the method of construction of the walls, due to lack of proper material when needed, resulted in the loss of from $60 to $70 for extra labor in the brickwork. By such requested instruction the jury were charged that they could not allow a greater sum than $70, on account of this item. This testimony was only an estimate. It was confined to one item of labor alone; "that is, in the brickwork." Another witness, the foreman on the job, gave a general estimate of the time lost by reason of all the different delays. The jury therefore would not be bound absolutely by this particular estimate or opinion, and the charge would have been on the weight of the evidence.

[6] The fifth, sixth, and seventh assignments may be disposed of together. They complain of the refusal of the court to charge in effect that no penalty could be recovered on any carload shipment delivered to the Motley County Railway Company within 24 hours after it arrived at the junction, and no penalty could be recovered on less than carload shipments that were delivered within 48 hours after such arrival, although such shipments may have been in the meantime carried to Roaring Springs for the purpose of preparation for delivery at Matador Junction. The charge made the basis of the fifth assignment is erroneous for reasons which we need not now state, but the charges made the basis of the sixth and seventh assignments are substantially correct statements of the law applicable to the issues made by the pleading and the evidence, and as announced by this court in paragraph 12 of its former opinion. The giving of the one or the other of these two instructions would have made the charge clearer, as they applied the law to the specific facts of the case in such manner as that there would have been less room for mistake on the part of the jury. However, in connection with the submission of the issues as to whether the defendant railway company "failed or refused" to deliver any such shipments to the Motley County Railway Company, the jury were charged that "the Railway Commission had fixed 24 hours as a reasonable time (for the delivery of shipments from one connecting carrier to the other) in carload shipments, and 48 hours as a reasonable time in less than carload shipments," and also that, if they should find that the defendant failed or refused to deliver said shipments within a reasonable time as the same had been so explained, then they might find in favor of the plaintiff for the actual damages resulting from such failure or refusal, and in addition the penalty provided by law in such cases. When the charge is taken as a whole, and viewed in connection with the evidence, we do not think it likely that the jury failed to understand the true meaning of the issues submitted to them or the law applicable to their consideration thereof, so that we overrule these assignments.

[7, 8] The eighth assignment complains of the overruling of a special exception to plaintiff's petition, on the ground that the allegations of the petition are "too vague, general, and indefinite to put defendant on notice of what shipments are sought to be recovered upon." The allegations as to the various shipments are contained in six separate subdivisions of plaintiff's petition. It was distinctly stated that all of the shipments on which recovery was had were intrastate shipments. The points of origin of some of the shipments were given; specific dates of delivery of some of the shipments to defendant at Quanah, and specific times that such shipments were held at Roaring Springs, were stated. This petition and the answer containing this exception were filed on May 9, 1917, so that the former trial of this case was had on these pleadings, though this exception itself does not appear to have been acted upon until just prior to the present trial. The allegations as to some of the shipments are entirely sufficient, and, since the exception itself is general and could not have been properly applied to the allegations as to all of the shipments, we think it might have been properly overruled for this reason alone. In any event, since there was a former trial of this case on these pleadings, it does not appear at all probable that there could have been any real chance of mistake as to the identity of the shipments forming the basis of the suit, and, since the only reason for requiring more particularity in pleading was to inform the defendant of such matters, it does not appear that the failure to more specifically plead could have resulted in any harm.

[9, 10] The ninth assignment complains that the verdict and judgment are excessive and unreasonable and the result of prejudice and passion because the amount awarded in damages and penalties is far in excess of the injuries actually sustained. The statement under the assignment is devoted to an attempt to show that there were included in the verdict penalties on two cars of brick which the evidence showed should not have been so included. The evidence offered in behalf of plaintiff as to these two cars of brick is contradictory and confusing. Plaintiff's own testimony tends to show that he had a delay in delivery of only five cars of brick, and that these two cars should not have been included, while that of his foreman is to the effect that there was a delay of five cars at one time and two cars later on. The testimony offered by plaintiff as to these two cars of brick is so unsatisfactory as that

we question whether a recovery of a penalty in reference to them ought to be permitted to stand had the question been clearly and distinctly raised in the motion for new trial. The pleading and proof concerned thirteen different shipments, and it can be readily understood how confusion and honest mistake are liable to be present in the consideration of the evidence offered as to such matters, and we are unwilling to say that the inclusion of the two cars of brick in the number of shipments on which recovery of a penalty was allowed shows passion or prejudice on the part of the jury trying the case. Proper practice required the appellant, if it desired to complain of the excessiveness of the judgment on this account, to distinctly set out the same and give the trial court an opportunity of correcting the excessiveness of the verdict in this particular. Rules 24, 25, and 26, for Courts of Civil Appeals (142 S. W. xii) ; Rule 68 for District Courts (142 S. W. xxii) ; P. & N. T. Ry. Co. v. Suitor, 153 S. W. 190; I. & G. N. Ry. Co. v. McVey, 81 S. W. 1001; M., K. & T. Ry. Co. v. Fesmire, 150 S. W. 201.

For the same reason, the tenth assignment of error is also too general.

The case will be reversed and remanded, unless the appellee, within 30 days after this date, shall enter a remittitur of the sum of $75; but in such event it will be affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted by Supreme Court April 2, 1919.