**GAMEWELL v. KILLION.   (No. 2630.)**

(Court of Civil Appeals of Texas.   Amarillo.
March 10, 1926.   Rehearing Denied
April 21, 1926.)

Attorney and client ⊚⟶140—Where no con-
tract is made governing amount of attorney's
fees in collection of note providing for at-
torney's fees, attorney discharged before col-
lection is entitled to only reasonable compen-
sation for services performed, and not amount
provided in note.

Where note providing for attorney's fees
is given attorney for collection, but no con-
tract is made governing his fee nor authority
given him to sue on note, and he is discharged
before collection, he is entitled to only reason-
able compensation for services performed, and
not to amount stated in note.

Error from District Court, Dallam Coun-
ty; Reese Tatum, Judge.

Action by Geo. W. Killion against W. I.
Gamewell and others. Judgment for plain-
tiff against defendant Gamewell, and the
latter brings error. Affirmed.

Clifford Braly, of Dalhart, for plaintiff in
error.

R. E. Stalcup, of Dalhart, for defendant
in error.

HALL, C. J. On the 11th day of Decem-
ber, 1919, defendant in error, Killion, con-
veyed to W. M. Green a half section of land
in Dallam county, taking in part payment
therefor Green's note in the sum of $7,500,
due in five years. The note bears interest at
the rate of 5 per cent. per annum from date,
interest payable annually on the 1st day of
March of each year; it contains the usual
acceleration clause, and provides for 10 per
cent. attorney's fees if placed in the hands
of an attorney for collection. In both the
deed and the note the vendor's lien is ex-
pressly retained to secure the payment of
the note. Killion placed the note in the Citi-
zens'. State Bank of Dalhart, and upon de-
fault by Green in the payment of interest in-
stallments the bank placed the note in the
hands of plaintiff in error, Gamewell, an at-
torney, for collection.

On February 26, 1925, Killion instituted
this suit in the district court of Dallam coun-
ty against Green, Gamewell, and the bank to
recover the amount of the note, alleging as
against Gamewell and the bank that he
placed the note with said bank for safe-keep-
ing March 1, 1920, and that about March 1,
1922, the bank wrongfully delivered the note
to the defendant Gamewell, and that the
bank and Gamewell had collected from Green
the interest provided for in the note for the
years 1923 and 1924, which they were un-
lawfully withholding from him. He denied
that either the bank or any of its officers or

Gamewell was his agent or authorized to rep-
resent him for any purpose.

Gamewell answered by a general denial,
and specially alleged that because of the fail-
ure of Green to pay all the interest due on
March 1, 1922, plaintiff, Killion, had declared
the entire debt due, and had authorized the
president and vice president of the bank, as
his agents, to place the note in Gamewell's
hands for collection, which was done on May
4, 1922, and had promised to pay him the 10
per cent. attorney's fees stipulated in the
note; that on the 12th day of May, 1922, he
(Gamewell) collected from Green $277.86 in-
terest which he had promptly deposited in
said bank to the credit of plaintiff, and which
plaintiff had checked out and received; that
in 1923 and again in 1924 he collected $375
as interest from Green, aggregating $750,
which amount he had applied on his claim
as attorney's fees; that plaintiff Killion had
wrongfully discharged Gamewell from act-
ing as his attorney, and had not given him a
reasonable time in which to collect the mon-
ey, nor an opportunity to do so; that Green
was able to pay the amount due on the note;
wherefore, he was entitled to recover $777.86
as attorney's fees, for which amount he prays
judgment.

The bank answered by general denial, and
specially alleged that it was authorized by
plaintiff, Killion, to place the note in the
hands of Gamewell for collection; that Kil-
lion ratified its acts in doing so, and had re-
ceived all of the money due him which had
been paid by Green.

Green answered by general denial, and
specially alleged that he had paid all of the
interest due upon the note, together with $1,-
000 of the principal. He also pleaded estop-
pel and waiver against Killion, as to the at-
torney's fees, and by cross-action against
the bank alleging fraud, prayed that he re-
cover of the bank such amount for attorney's
fees as the plaintiff Killion might recover
against him. The pleadings of the parties
further raise these material issues: (1) The
want of authority on the part of the bank to
place the note in Gamewell's hands for col-
lection; (2) whether Killion had contracted
to pay Gamewell the 10 per cent. attorney's
fee stipulated in the note; and (3) the
amount of compensation which Gamewell
was reasonably entitled to recover for the
services performed. The case was tried to
the court without the intervention of a jury.

The record contains no findings of fact or
conclusions of law.

The judgment is that, since Green had ten-
dered into court the balance of the principal
and interest due on the note, plaintiff take
nothing as to Green; that plaintiff recover
nothing of the bank; that Green recover
nothing against the bank on his cross-action;
that plaintiff recover of Gamewell $650, that
being the amount of attorney's fees which

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gamewell had collected, less $100 allowed Gamewell as a reasonable attorney's fee.

Gamewell alone has appealed from the judgment.

It will not be necessary to consider the numerous propositions and counter propositions urged in the brief separately or in the order presented.

The substance of Gamewell's contentions is that because of Green's default in the payment of interest annually Killion had exercised the option given him and declared the entire debt due, and had authorized the officers of the bank to place the note in his hands for collection; that, having received the note under the orders of Killion, and having endeavored to collect it, he was entitled to the fee of full 10 per cent. provided in the note, and that Killion could not thereafter, by wrongfully discharging him, defeat his right to full compensation.

The substance of Killion's contentions is that, where such a note is delivered to an attorney for collection and is later recalled by the owner before collection is made, the attorney is not, as a matter of law, entitled to the 10 per cent. attorney's fee provided in the note, in the absence of an express agreement on the part of the owner to pay that amount, but is entitled to recover only reasonable attorney's fees for the services actually performed.

We may presume from the fact that the judgment allows Gamewell $100 as attorney's fee that the court found that the bank placed the note in Gamewell's hands under the direction of Killion. There is sufficient evidence to support such a presumed finding. After the note had been delivered to Gamewell, by the bank, he wrote Killion, in part, as follows:

"In order that there may be no misunderstanding, please write me in answer to the following questions: 1. Do you agree that I may have the attorney's fee provided for in said note? 2. If I am unable to collect the principal and interest of this note, together with the attorney's fees at an early date, do you desire that I file suit against Mr. Green at an early date?"

The subsequent correspondence fails to disclose any agreement on the part of Killion that Gamewell should have the 10 per cent. attorney's fee provided in the note, and further fails to show that Killion authorized Gamewell to file suit. The bank was not authorized to contract with Gamewell concerning the amount and payment of his fees, and the record shows that they did not undertake to do so. If the issue of the reasonableness of the attorney's fee had not been raised in the pleadings, or if a contract on the part of Killion to pay 10 per cent. was shown, there would be some ground for Gamewell's contention that he was entitled to the full 10 per cent.; but, notwithstanding the conflict

which has previously existed in this state with reference to the nature of a stipulation for attorney's fees, it is now settled by the Supreme Court that such a contract contained in a note is one of indemnity, so that only the amount of attorney's fee contracted to be paid, or a reasonable amount, in the absence of a contract, is recoverable. The pleadings and evidence are sufficient to support the court's finding that $100 was a reasonable amount to compensate Gamewell for the services performed by him at the time Killion dismissed him. Brannin et al. v. Richardson et al., 185 S. W. 562, 108 Tex. 112; 8 C. J. 1102. Where there is no contract governing the amount of an attorney's fees, and he is wrongfully discharged before the contemplated services have been fully rendered, he is entitled to recover only reasonable compensation for the services performed.

We find no reversible error in the record, and the judgment is therefore affirmed.