### KOLACNY v. PELECH.
### No. 11849.

Court of Civil Appeals of Texas. Galveston.
April 3, 1947.

258

Robt. M. Lyles, of Angleton, for appellant.

Masterson & Pope and Frank W. Stevens, all of Angleton, for appellee.

GRAVES, Justice.

This appeal is from a $350 judgment in favor of the appellee against the appellant, entered by the trial court in part upon two findings of a jury on special issues submitted, and in part on "the findings that the court has made by authority of the statute," as for the reasonable rental-value of a Model L Case Tractor owned by the appellee and used 720 hours by the appellant to pump water during the rice irrigating season, from about June 1 to October 31, 1945, upon 200 acres of land they were then farming rice upon according to a written contract for that purpose between them.

The written contract was dated January 23, 1945, and, in material substance, provided: Appellant agreed to furnish 200 acres of land, situated in Brazoria County, Texas, suitable for rice farming, and to furnish not only the seed but specifically the water necessary to irrigate and produce a rice crop. The appellee agreed to plow the land, plant it in rice, harvest the rice, etc.

In bringing his suit herein the appellee filed two trial petitions, his original, and a second trial amendment, the material declarations of his cause of action in the two together being, in substance, as follows:

In his original petition appellee alleged "on or about the first day of April, 1945, plaintiff rented to defendant a Model L. Case Tractor, to be used by defendant to pump water to be used in irrigating rice being grown by defendant in Brazoria County Texas; and defendant thereby promised to pay plaintiff the reasonable value for the use of said tractor." Later, appellee filed his second trial amendment in which he alleged that "on or about the first day of June, 1945, plaintiff rented to defendant a Model L. Case Tractor to be used by defendant to pump water to irrigate rice being grown in Brazoria County, Texas; and defendant thereby became obligated and promised to pay plaintiff a reasonable value for the use of the tractor."

Appellant denied all these allegations, and specifically alleged that he used the tractor, with the agreement that he should keep it in good repair, and return it to appellee at the end of the season in as good condition as when he received it.

The special issues, following the receipt of evidence from both sides, together with the jury's answers thereto, were these:

"No. 1: Do you find from a preponderance of the evidence that during the year 1945 plaintiff, Emil Pelech, and defendant Emil Kolacny, entered into an oral contract whereby plaintiff rented to defendant a Model L. Case Tractor to be used by defendant to pump water in irrigating rice?" Answer: "Yes".

"No. 2: From a preponderance of the evidence, how many hours was said tractor actually used by the defendant in pumping water between the dates of June 1, 1945, and October 31, 1945?" Answer: "At least 720 hours."

Two further special issues, also submitted by the court, with the jury's answers thereto, were these:

"No. 3: From a preponderance of the evidence what amount of money per hour would be a reasonable rental value for the use of said tractor by the defendant?" Answer: "50¢ per Hour."

"No. 4: Do you find from a preponderance of the evidence that it was agreed between plaintiff and defendant that the defendant might use plaintiff's tractor during the 1945 irrigation season if defendant would repair said tractor and keep it in good working condition?" Answer: "No."

Appellant presents in this court seven points of error for reversal; the gist of his first three was this:

(1) That the court erred in allowing the appellee to recover on an express contract, where the proof only showed appellee entitled to recover on quantum meruit.

(2) That the judgment for appellee for the sum of $350.00 was not supported by any competent evidence.

(3) That there was no competent evidence to support the judgment against appellant for 720 hours for the use of appellee's tractor, and the same was solely guesswork and speculation.

Without extended discussion, these contentions are overruled, pursuant to the holdings, (1) that no one of the stated three points is entitled to consideration on appeal; because, this was a trial before a jury, hence under Rules 324 and 374, Texas Rules of Civil Procedure, appellant was in the first instance required to file a motion for a new trial, which he did, and in the second place was further bound—under penalty of waiver—in such motion for new trial to distinctly specify the particular points of error he relied upon, which he did not do; indeed, his quoted points on this feature amount to no more than saying that the judgment of the trial court was not supported by the evidence. In jury trials our authorities, with one voice, condemn such generalities. They go so far, in one instance, that is, in Santa Anna v. Leach, Tex.Civ.App., 173 S.W.2d 193, error refused, as to declare that the Court of Civil Appeals has no authority to pass upon a question of fundamental error—not urged in a motion for a new trial in such a case —since the statute authorizing such courts to pass upon errors apparent upon the face of the record, whether assigned or not, had been repealed. Rules 322, 324, and 374, Texas Rules of Civil Procedure; Kronkosky v. Kuhn, Tex.Civ.App., 259 S.W. 1009; Quanah. A. & P. Ry. Co. v. Bone, Tex.Civ.App., 208 S.W. 709; Harlingen Land & Water Co., v. Houston Motor Co., Tex.Civ.App., 160 S.W. 628; Redman v. Cooper, Tex.Civ.App., 160 S.W.2d 318; Alexander v. Louisiana & Texas Lumber Co., Tex.Civ.App., 154 S.W. 235; Thompson v. State, Tex.Civ.App., 165 S.W.2d 131; Cooper v. Cooper, Tex.Civ.App., 168 S.W. 2d 686; Walker-Smith Co. v. Coker, Tex. Civ.App., 176 S.W.2d 1002; Wagley v. Fambrough, Tex.Civ.App., 163 S.W.2d 1072, affirmed 140 Tex. 577, 169 S.W.2d 478.

(2) Were any of such three points considered here, however, they could not be sustained.

This court differs with appellant in his construction of the rental-contract between the parties; clearly, it is thought, it did not declare upon an express contract which fixed the compensation to be paid the appellee for the use of his tractor by appellant, nor did the jury find that the parties made any such agreement between them; in other words, the evidence showed and the jury found only that the parties agreed upon the fact that the one had rented the other's tractor, without there having been any fixing between them of the consideration to be paid by the one to the other for that use; they acted under that kind of an arrangement, and so continued throughout the 1945 rice-irrigating season, the one having furnished and the other having so used the tractor; so that the contract had been fully executed between them at the close of such season, with nothing remaining to be done, except for the appellant to pay the appellee for such use of the machine; in these circumstances, under well-settled authority, the trial court was correct in submitting the issues it did to the jury as embodying the only ultimate questions of fact raised by the pleadings and evidence, the law having implied the rea-

sonable value for such use; in other words, upon the theory of law that he was not restricted by that kind of pleading to any fixed price or consideration for such rental as appellant contends for, but could show and recover for the reasonable value of the services he had received. 45 Tex.Jur., 318, 10 Tex.Jur. 10, 24; Railey v. Davis, Tex. Civ.App., 128 S.W. 434, error refused; Law Reporting Co. v. Texas Grain & Elevator Co., Tex.Civ.App., 168 S.W. 1001; Burger v. Ray, Tex.Civ.App., 239 S.W. 257; Foard County v. Sandifer, 105 Tex. 420, 151 S.W. 523; Travis v. Kennedy, Tex.Civ.App., 66 S.W.2d 444; Whiting v. Dugan, Tex.Civ. App., 39 S.W. 148; Gamewell v. Killion, Tex.Civ.App., 282 S.W. 873.

Appellant's 4th and 5th points present, in the main, that the court erred (1) in permitting appellee to testify as to the rental-value per hour for the use of his tractor, when he was shown not to have been qualified to give such opinion-evidence; and (2) abused its discretion in permitting him to file the trial-amendment to his petition, praying for additional rental on his tractor from September 1 to October 31, 1945, since the evidence had already been concluded and appellant's witnesses had left town.

■ Under the undisputed facts existing, these points are both overruled. The appellee and his witnesses, Kuchar and Herrin, were all three shown to be experienced rice farmers, familiar with all the conditions entering into the inquiries material to the question of the rental-value of the tractor as so used, hence their opinions were admissible as that of experts on the question involved. Bowman & Blatz v. Raley, Tex.Civ.App., 210 S.W. 723; McCabe v. San Antonio Traction Co., 39 Tex. Civ.App. 614, 88 S.W. 387; 17 Tex.Jur. 450-51; Texas Rural Communities v. Avary et ux., Tex.Civ.App., 113 S.W.2d 597; Smith v. Gunn, 57 Tex.Civ.App. 339, 122 S. W. 919; Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S.W. 585; Pennsylvania Fire Ins. Co. v. W. T. Waggoner Estate, Tex.Civ.App., 41 S.W.2d 340, affirmed, Tex.Com.App., 39 S.W.2d 593; Traders & General Ins. Co. v. Durbin, Tex.Civ.App., 119 S.W.2d 595; Alexander Marketing Co. v. Medford, Tex.Civ.App., 170 S.W.2d 809.

■ The permission for the filing of the appellee's trial-amendment was plainly shown to have been within the discretion of the court in the circumstances; this for the reason that, without any objection whatever from appellant, the appellee had offered evidence during the trial to show that his tractor had been used by the appellant from about June 1 of 1945 up to, on or about, October 31 of 1945, to which latter date the rice-growing season had in fact that year been extended; wherefore, it was not beyond the trial court's discretion, in such circumstances, to allow the appellee to so amend his pleadings as to conform to the proof he had so adduced, at any time before the submission of the special issues to the jury. Rules 67 and 90, Texas Rules of Civil Procedure; Miller v. Simons, Tex.Civ.App., 173 S.W.2d 182; Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755, judgment affirmed Tex.Civ. App., 192 S.W.2d 143; Ellis et ux. v. Michigan Realty Co., Tex.Civ.App., 138 S.W.2d 880.

Appellant's 6th and 7th points complain of the court's refusal to either submit to the jury his requested special issues, asking the jury to find how much he had expended for repairs on appellee's tractor, or to credit him, appellant, for the amount he had expended in keeping appellee's tractor in repair while he was so using it.

It is true that appellant alleged in his answer that he did repair and put appellee's tractor in good working condition during the time he so used it, at a cost to him of $110, in addition to his own labor; but, aside from that one averment in his pleading, there seems to be no basis for either of the claims thus made by him upon that feature; especially, as he himself testified with reference thereto as follows:

"All of the work done on plaintiff's tractor was concerned with the repairing and the installing of the pulley take-off mechanism, used to operate the sixteen-inch pump that I used to irrigate our rice crop." "I knew before Mr. Pelech brought the tractor to the pump-site that it would be necessary to install a new pulley."

He neither pled nor proved, as indicated, by way of an offset against the appellee's claim, nor any legal basis otherwise for the recovery of such a charge, nor, further, was there any agreement upon appellee's part shown to pay therefor; indeed, it is inferable from his own quoted testimony that, knowing such repairs would have to be made before he even got the tractor, they may have been made in advance before he started using it. Greene v. Smith, Tex.Civ.App., 148 S.W.2d 909.

These conclusions require an affirmance of the appealed-from judgment; it will be so ordered.

Affirmed.