**GULF, COLORADO & SANTA FE RAIL-WAY COMPANY, Appellant,**

v.

**Donald·Sam ABBEY, Appellee.**

No. 15908.

Court of Civil Appeals of Texas.

Fort Worth.

May 2, 1958.

McLeod, Mills, Shirley & Alexander, Galveston, Fred Minor, John Sullivan, and T. B. Davis, Denton, Burford, Ryburn & Ford, and Robert E. Burns, Dallas, for appellant.

Hopkins & Hopkins, and George M. Hopkins, Jr., Denton, for appellee.

BOYD, Justice

This is an appeal by Gulf, Colorado & Santa Fe Railway Company from a judgment in a condemnation suit awarding to Donald Sam Abbey $1,200 as the value of 1.71 acres of land taken for a railroad right of way and $6,540 for damages to the remainder of the tract. The railroad was constructed and trains were in operation before the case was tried. Trial was to a jury.

There is no complaint as to the amount awarded for the 1.71 acres. In answer to special issue No. 2 the jury found the value of the remaining 43.02 acres to have been $13,080 immediately before the taking, and in answer to issue No. 3 it found the value of said tract immediately after the taking to have been $6,540. Appellant contends each of said findings is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.

The estimates of the witnesses as to the damage to appellee's remaining land took a wide range. Appellee called as witnesses three experienced real estate appraisers. One said the value of the remaining tract was $14,300 before the taking and $9,300 after the taking; another said that the value before was $12,906 and $7,528.50 after; the other said that the value before was $12,906 and $7,200 after. Appellee testified that the value before the taking was $1,000 per acre and after the taking it was from $250 to $500 per acre. Appellee's brother testified that the tract had a value of $1,000 per acre before and had been damaged fifty or sixty per cent by the construction of the railroad. Two witnesses for appellant said that the remaining tract had a value of $8,600 before the taking; one of them said the value after was $7,850, and the other said it was $7,460.

We see that the jury's finding as to the damage to the remaining tract was more than any witness estimated it except appellee and his brother. It was $5,790 more than the lowest estimate of a witness for appellant; it was $5,400 more than the estimate of appellant's other witness; it was $1,540 more than the estimate of one of appellee's witnesses; it was $1,162.50 more than the estimate of another of appellee's witnesses; it was $834 more than that of appellee's other expert witness;

it was $14,970 less than the lowest estimate of appellee and his brother.

█ Appellant says that "when appellee offered the testimony of his three expert witnesses, he vouched for the truth and accuracy of their testimony and became bound thereby. * * * He cannot now say that they were mistaken or too conservative or too low." We cannot agree with this contention. If his own witness binds appellee, which witness bound him? They gave different estimates of the damage to the remaining tract. We do not think that any party vouches for the accuracy of opinion testimony, or is ever bound by what an expert says. We think appellee might have challenged the testimony of his own witnesses in any way except to show their bad reputation for truth and veracity.

█ Appellant says that it does not contend that the testimony of appellee and his brother constitutes no evidence, but it "is entitled to no weight or consideration." Again, we cannot agree. They grew up on this tract and the adjoining land which still belongs to members of their family. They are teachers, and spend a great deal of time in other cities. But they both said that they were familiar with the market value of the land at the time of the condemnation, and were generally familiar with land values in the Denton area. Appellee's brother said that the best use of the land would be for residential development.

The tract is long and narrow, lying east and west. There is a street along the east end. It is the only road touching the tract. The right of way crosses the land in such way as to leave 5.07 acres on its east side and 37.95 acres on its west side. The railroad track is from 7 to 11.7 feet above the original surface of the land. The tract is adjacent to the city limits of Denton, and is across a street from the North Texas State College golf course. There is residential development near the golf course.

The new Highway 77 is about one-fourth mile distant.

█ It is this Court's duty to weigh and consider all the evidence—that which supports the verdict and that which does not —and to set aside the judgment and remand the cause if we conclude that the verdict is so against the weight and preponderance of the evidence as to be clearly wrong and manifestly unjust, regardless of whether there is some evidence of probative force to support it. Article 5, sec. 6, Constitution of Texas, Vernon's Ann.Civ. St.; Rules 451, 453, and 455, Texas Rules of Civil Procedure; In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Matlock v. Matlock, Tex.Civ. App., 245 S.W.2d 536; Hambrick Consolidated v. Walker, Tex.Civ.App., 269 S.W.2d 923.

█ Viewing the situation and location of the tract, we cannot say that the testimony of appellee and his brother is entitled to no consideration or weight. This Court judicially knows that the market value of land is ordinarily enhanced by its proximity to highways and areas of development in cities. The findings of the jury were nearly in line with the estimate of some of appellee's witnesses about whose testimony appellant has no complaint. If the jury gave some credence to the testimony of appellee and his brother, we cannot say that they had no right to do so. Parties to suits and their relatives can give honest and credible testimony, and often do. And those who grow up on or near a tract of land, and have lived on it most of their lives may sometimes know its market value as well as any other person.

█ In the first instance, the jury was the judge of the credibility of the witnesses and the weight to be given their testimony. After the verdict, the trial court had the right and duty to set the verdict aside if he thought it was so against the weight and preponderance of the credible testi-

mony as to be clearly wrong. This court has that right and duty. The jury and the trial court had the advantage of seeing and hearing the witnesses and of observing their demeanor. We did not have that privilege. And it is only in a case where we conclude from a study of the record that the verdict is so against the weight and preponderance of the evidence as to be clearly wrong that we may order a re-examination of the facts.

Appellant cites Chantly v. Chrystal, Tex. Civ.App., 274 S.W.2d 765; In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660; Purvis v. Morehead, Tex. Civ.App., 304 S.W.2d 221; and Texas Employers' Ins. Ass'n v. Moran, Tex.Civ.App., 261 S.W.2d 855, in support of its contention that the verdict should be set aside. We do not think the rule announced in those cases is applicable to the fact situation here. These points are overruled.

The only other point is that the court permitted appellee to introduce evidence relating to damage to a horse training track which had been built and maintained by appellee on the land in suit, and which track extended to and covered parts of tracts of land lying immediately north and south of the subject tract, which two tracts are owned by appellee's brothers.

 Considerable evidence was introduced by both parties about the training track and its use before there was any objection. When appellant did object, the court sustained its objection as to the cost of replacing the track. No issue or instruction was requested which would eliminate the value of the track from the jury's consideration in finding values or damages, and there was no objection to the charge.

The railroad was built approximately through the center of the training track, which was oval in shape. Appellant admits that it destroyed the track. But it says that it was only condemning appellee's land, and cannot be held for damages to property without the scope of the suit.

It was shown that appellee had the oral consent of his brothers to construct the training track partly on their land, and to maintain it. there if he would build and maintain a board fence along the east side of the track. Appellee built the fence in 1949 and maintained it until appellant built the railroad, which left part of the track on the east side of the right of way and part on the west side. Appellant says that appellee had no right or interest in those parts of the track situated on his brothers' land, the contract being oral, and therefore the jury was permitted to compound or multiply appellee's items of damage. As it is presented by the record, we do not think this point reflects error.

The judgment is affirmed.