**Ismael PADILLA et ux., Appellants,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION et al., Appellees.**

**No. 13737.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 1, 1961.

Rehearing Denied March 1, 1961.

Ronald Smallwood, Karnes City, for appellants.

Werner A. Gohmert, Alice, for appellees.

BARROW, Justice.

This is a workmen's compensation case. Appellants, Ismael Padilla and his wife,

Eloisa Valdez de Padilla, filed the suit as an appeal from a final award of the Industrial Accident Board, naming Manuela S. Villarreal, her alleged husband, Baldemar Villarreal, and Texas Employers' Insurance Association as defendants. Baldemar Villarreal did not answer. Manuela, claiming that her name is Manuela Padilla, not Manuela Salinas Villarreal, and that she was the lawful wife of Cesar Manuel Padilla, the deceased employee, whose death is the basis of the compensation benefits sought, filed a cross-action claiming the benefits as the surviving widow of the deceased. The Association admitted full liability under the Workmen's Compensation Law and offered to pay the compensation death benefits in the amount agreed to by all parties, to the lawful beneficiary that might be established by the court, and did not further participate in the trial. Upon a trial to the court, without a jury, judgment was rendered for Manuela Padilla for the full death benefits. The Association thereafter paid the amount of the judgment into the registry of the court. The Padillas have appealed. They will be referred to as the Padillas, Manuela Padilla will be referred to as Manuela, and Cesar Manuel Padilla, as the deceased. No findings of fact and conclusions of law were requested or filed herein.

It is not disputed that the Padillas are the father and mother of the deceased, neither is it disputed that in the spring of 1958, the deceased and Manuela were married by legal ceremony, by Rev. Don Vlasak, by virtue of a marriage license duly issued and returned. But the Padillas contend that at the time of the marriage, and at all times pertinent thereafter, Manuela was the common-law wife of Baldemar Villarreal.

The following facts are shown by the record: In the year 1946, Manuela and Baldemar Villarreal were lawfully married and lived together as husband and wife until about the year 1951, when they were divorced. There were born of the marriage two children, Rosa, a girl, and Baldemar, Jr., a boy. After the divorce, Manuela and Baldemar Villarreal again lived together

for several months and Manuela bore another child by Baldemar, born December 31, 1952, by the name of Eduvijes Villarreal. In 1953, in Cause No. 880, in the District Court of Jim Wells County, Baldemar Villarreal was prosecuted and convicted of abandonment of the two children, Rosa and Baldemar, Jr., but not Eduvijes. Manuela testified as a witness for the State and a transcript of her testimony is in the record in this case.

The Padillas seek a reversal of the judgment on the following contentions: (1) That Manuela's testimony in Cause No. 880 amounts to a judicial admission that she and Baldemar Villarreal effected a valid common-law marriage after the 1951 divorce, and that the same is conclusive and binding on her in this case, in that she did not show that the marriage was terminated by divorce or otherwise. (2) That the finding of the court that Manuela was the lawful wife of the deceased employee is contrary to the overwhelming weight and preponderance of the evidence. The second contention is entirely dependent upon a decision of the first contention.

It is well settled that an admission or declaration of a party litigant against his interest is admissible, though made by him when testifying as a witness on a former trial, or in another action. 18 Tex.Jur. 573, § 238. But these admissions or declarations are ordinarily not conclusive, and are subject to contradiction or explanation by the party against whom they are offered. 17 Tex.Jur. 575, § 239. Such testimonial declarations of a party to the suit will not be given the force and effect of a judicial admission if they merely contradict some other portion of his testimony. Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364; Harris County v. Hall, 141 Tex. 388, 172 S.W.2d 691; United States Fidelity & Guaranty Co. v. Carr, Tex.Civ. App., 242 S.W.2d 224, writ refused.

It is well settled that in order to establish a common-law marriage there must be proof that the parties between

whom the marriage is sought to be established (1) entered into an agreement to become man and wife; (2) that such agreement was followed by cohabitation as man and wife; and (3) that they held each other out professedly and publicly as their respective spouses. Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124; Smith v. Smith, Tex.Civ.App., 257 S.W.2d 335, ref. n. r. e.

 We have carefully examined the record in the light of these authorities, and have reached the conclusion that both of the contentions of the Padillas must be overruled. We shall not unduly lengthen this opinion by quotations from the testimony, but confine the same to the material facts established. It was admitted by Manuela that after the 1951 divorce she and Baldemar lived together part time, for two or three months, that during that time he stayed part time with her and part time with his father. She admitted that she and Baldemar went to Wisconsin to the beet fields to work; that after a short time she and her children returned to Texas and left him there. She admitted that she and Baldemar lived together and had conjugal relations, and that she bore the last child from that relationship. She further testified that she did not agree to become his wife, that becoming husband and wife was not even mentioned. That she never held herself out as his wife. She further testified that she let him come back only in an unsuccessful attempt to get him to help support their children. That she had been to the courthouse many times trying to get support for them. Baldemar testified that he made no agreement to live with Manuela as her husband, although he admitted the above facts. He testified that he told his father that they were married in order to get groceries. Fortino Trevino, Baldemar's uncle, a witness for the Padillas and quite active in the prosecution of their case, testified that Manuela and Baldemar each told him they were husband and wife, and that their reputation in the community was that they were husband and wife. Rev. Vlasak, who performed the marriage ceremony be-

tween Manuela and the deceased, Cesar Manuel Padilla, testified that prior to the marriage he conducted three sessions of marriage counselling, once each week, and also announced the coming marriage. He testified that the reputation during all the time he had known Manuela was that she was divorced.

Thus it is obvious that an issue of fact was presented. The trial court having determined that issue in favor of Manuela and against the Padillas, the trial court's findings on disputed issues of fact are binding on this Court. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609. Moreover, we have examined the record as a whole and conclude that the implied findings of the court are not so contrary to the overwhelming preponderance of the evidence as to be clearly wrong or manifestly unjust. King v. King, 150 Tex. 662, 244 S.W.2d 660.

The judgment is affirmed.