### J. H. WHITE ET AL. v. J. Y. WADLINGTON ET AL.
#### No. 6722.

1. **Practice—Motion for New Trial.**—Where a motion for new trial is based upon an erroneous verdict, the grounds upon which the verdict is attacked as contrary to the evidence should be distinctly stated.

2. **Homestead—Facts.**—See facts held sufficient to support a verdict establishing homestead rights in property designated as such, but not in actual occupation at the levy of an execution.

3. **Instructions—Homestead.**—See instructions held sufficient upon the issue of the existence of the homestead at the levy; also see special instructions properly re-fused.

4. **Practice — Irrelevant Testimony.** — The admission of irrelevant testimony not shown to have influenced the verdict is no ground of reversal.

APPEAL from El Paso.   Tried below before Hon. T. A. Falvey.
The opinion gives a statement.

*Millard Patterson,* for appellants.—1. Unless premises are used as a homestead, or unless as a substitute for actual use there has been a bona fide preparation by unmistakable and visible acts upon the part of one setting up the homestead right manifesting a fixed intention to use such premises as a home, the homestead right can not be set up as against the levy of an execution.   Fort v. Powell, 59 Texas, 321; Barnes v. White, 53 Texas, 631; Brooks v. Chatham, 57 Texas, 31; Anderson v. McKay, 30 Texas, 186, 190; Franklin v. Coffee, 18 Texas, 413; Batts v. Dean & Scott, 37 Texas, 65, 66; Railway v. Winter, 44 Texas, 612; Peregoy v. Kottwittz, 54 Texas, 499, 502; Thomp. Home. Ex., secs. 104, 245, 246.

2. An urban homestead right and a rural homestead right can not co-exist in the same person and are inconsistent, and an exception to a petition setting up both of said rights to the same real estate should be sustained.   Rev. Stats., art. 2336; 1 Chit. Pl., 260; Swearingen v. Bassett, 65 Texas, 267; Iken v. Olenick, 42 Texas, 198; Hollis v. Chapman, 36 Texas, 1.

3. Where the existence or nonexistence of the homestead right is determinable only by the application of some established rule of law to the evidence, that rule should be given by the court in its charge to the jury. Railway v. Winter, 44 Texas, 612; Grosholz v. Newman, 21 Wall., 481; Thomp. Home. Ex., sec. 104.

4. Where there has not been a previous actual occupancy of real estate claimed as a homestead, there should be shown, in order to impress it with the homestead character, a fixed bona fide intention to so occupy it, manifested by unmistakable acts, coupled with subsequent early use of it as a homestead. Barnes v. White, 53 Texas, 631.

*James P. Hogue,* and *Brock & Neal,* for appellees, cited Supreme Council v. Anderson, 61 Texas, 296; Rosenthal, Meyer & Co. v. Middlebrook, 63 Texas, 333; Fordtran v. Ellis, 58 Texas, 245; Newman v. Farquhar, 60 Texas, 640; Tucker v. Hamlin, 60 Texas, 171; Newman v. Dodson, 61 Texas, 91; Anderson v. Martindale, 61 Texas, 188; Dwyer v. Bassett, 63 Texas, 274; Taylor v. Boulware, 17 Texas, 79; Iken v. Olenick, 42 Texas, 198; Moreland v. Barnhart, 44 Texas, 275.

HOBBY, JUDGE.—The appellants' first assignment is that "the verdict is contrary to the evidence, because the evidence does not show that the property in controversy was the homestead of appellee, or that it had been designated as such at the time of the levy of the execution on November 6, 1886."

The appellants' motion for a new trial embraced thirteen different grounds, not one of which questions specifically the sufficiency of the evidence to sustain the verdict. The general statement that "the verdict is contrary to the evidence" is the only ground specified upon this point.

Rule 66 for the government of the District Court in express terms declares that "grounds of objection couched in general terms, as that the court erred in its charges, and in sustaining and overruling exceptions to the pleadings," etc., and that "the verdict of the jury is contrary to the law, and the like, shall not be considered by the court, unless there be some fundamental error," etc.

Where a motion for a new trial is made I think a reasonable and correct construction of the above rule would require that the grounds upon which the party claimed that "the verdict was contrary to the evidence" should be distinctly stated.

If it be not so specifically pointed out, and thus called to the attention of the court below, how can it be fairly contended that the judgment should be reversed because the court erred in overruling the motion on this ground when the court's action is not invoked and its attention is not directed to this ground? Railway v. Montier, 61 Texas, 123.

We have examined the statement of facts, however, and the evidence we think is sufficient to support the verdict.

It showed that appellee had made abundant and extensive preparations to occupy the property as a homestead before the levy of the execution on the 6th day of November, 1886.

Appellee Wadlington testified that he bought the property from G. B. Stevenson on March 1, 1886. At the time of the filing of the petition his family consisted of his wife, child, niece, and himself. He had no other homestead; had other lands, but did not reside on them. The property he purchased for the purpose of making it his homestead, and so declared his intention. The land consisted of two tracts, one of 163 acres and one of 66 acres. Planted alfalfa there a month after the purchase; built corrals, purchased lumber and wire for the fence, and gathered his stock, and made other preparations for living on it. The condition of his wife's health and the scarcity of water prevented him from completing his work. As soon as an adequate supply of water could be obtained and his wife recovered her health he moved his family to the place, where they have continued since to reside. This testimony was corroborated by that of his wife. It was sufficient, we think, to support the verdict.

The second assignment complains that the verdict is contrary to law, because the evidence shows that the land involved is in excess of the homestead allowed by law, to-wit, 200 acres. The appellees consent to a reformation of the decree, so that the title to only 200 acres of the land shall be vested in them; consequently it is unnecessary to consider this assignment.

The third assignment is that the court erred in overruling defendants' special exceptions second, third, and fourth, on the 12th day of November, 1887. This assignment is too general to be considered. Jackson v. Cassidy, 68 Texas, 284.

It is claimed that the court erred in not instructing the jury, as requested by appellant, that "the plaintiffs had failed to establish their homestead right to the premises in controversy, and you will therefore find a verdict in favor of the defendants." This assignment is necessarily disposed of adversely to appellants by what we have said with reference to the first assignment.

That the court refused the following special charge requested by appellants is assigned as error: "What is meant by the homestead is determinable by obvious facts, as a determinable object, and not by the intention privately entertained or openly declared. The form, physical characteristics, and geography of the premises must be such as when taken in connection with their use by the owner will convey notice to persons of ordinary prudence who deal with him that they are his homestead."

That portion of the court's charge which we think this assignment suggests as proper to be considered in connection with and in response to it is as follows, in substance: That the land in controversy was on the 6th day of November, 1886, subject to the execution levied by appellants on it, and that the jury would therefore find for them, unless they believed from a preponderance of the proof that prior to that time it was

the homestead of J. Y. Wadlington, and that he purchased it on March 1, 1886, with the intent to constitute it a home for himself and family. That prior to November 6, 1886, with such intent to constitute said premises his homestead, he began to prepare it for a home suitable for himself and family. That his acts and preparations were of such character as to show an unmistakable intention to within a reasonable time move on the same with his family to use it for the place of residence and home of himself and family. What was a reasonable time was left as question of fact for the jury to determine under all the circumstances of the case.

The issues involved were thus submitted more intelligibly in the general charge given than, we think, would have been done had the special instruction been given. Although it may have been technically correct, it was not calculated to enlighten the jury upon the question before them, and as the charge of the court presented to the jury all of the questions necessary for them to consider in determining the rights of the parties, there was no error in refusing the requested instruction.

It is also claimed that the court erred in permitting the appellee J. Y. Wadlington to testify as to what became of the land and four and one-half lots owned by him in Val Verde County and El Paso. The question asked the witness was as follows: "What became of the four and one-half lots and the 15,000 acres of land on the Pecos River?" The reply of the witness was in substance that this property had been sold, the lots to the Continental Land and Cattle Company on December 7, 1887, and the 15,000 acres to some other purchaser.

The witness had stated on his direct examination, without objection, that he owned this property, and upon redirect examination testified as above stated. The objection to the evidence was that it was "irrelevant and designed to improperly influence the jury." There is nothing in the record indicating that it did influence the jury, and if it was erroneously admitted we do not think it had any prejudicial effect on appellants.

The remaining assignments have reference to the charge of the court.

The charge, as before stated, we think submitted in plain language the real issues involved in the controversy, and in such manner as was well calculated to assist the jury in deciding the material question in the case—i. e., whether the premises in controversy constituted the homestead of appellees before and at the time of the levy of the execution.

Under this charge this question was decided by the jury in favor of appellees, and we can not say that this finding is not supported by the evidence. Nor do we find any error in the record which would authorize a reversal of the judgment.

We do not think there was error in instructing the jury that if appellees were entitled to recover a homestead they were entitled to recover a rural homestead. The evidence showed that the property was two miles from the town of Socorro, in El Paso County, which was the "near-

est point." It was purchased for and used as a farm, and possessed all the characteristics of a rural and none of an urban homestead.

The excess above the quantity of land exempt from forced sale is subject in this case to execution. We think, therefore, that the judgment should be reversed and so reformed as to set apart to appellees so much of the land in controversy, not to exceed 200 acres, which they may designate as a homestead, as provided by chapter 2, title 40, of the Revised Statutes.

*Reversed and rendered.*

Adopted June 24, 1890.

Motion for rehearing refused at Tyler Term, October 17, 1890.