HARLINGEN LAND & WATER CO. et al. v. HOUSTON MOTOR CO.

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1913. Rehearing Denied Nov. 19, 1913.)

1. NEW TRIAL (§ 128*)—MOTIONS—SPECIFICATION OF ERRORS.

Under Rev. Civ. St. 1911, art. 2020, providing that a motion for a new trial shall specify the ground upon which it is founded, and that no grounds other than those specified shall be heard or considered, and rule 68 for district and county courts (142 S. W. xxii) providing that grounds of objection couched in general terms as that the court erred in its charge, etc., shall not be considered by the court, a motion for a new trial because the court erred in instructing the jury to return a verdict in favor of plaintiff for any amount was too general and obscure, and the court was under no obligation to consider it.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 257–262; Dec. Dig. § 128.*]

2. APPEAL AND ERROR (§ 302*)—RESERVATION OF GROUNDS FOR REVIEW — MOTIONS FOR NEW TRIAL.

An assignment of error based upon a motion for a new trial on the ground that the court erred in directing a verdict for plaintiff for any amount would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. §. 302.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Propositions attacking the sufficiency of the evidence to sustain a verdict were not germane to an assignment complaining of a peremptory instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 750*)—ASSIGNMENTS OF ERROR—FUNDAMENTAL ERROR.

An assignment that the court erred in directing a verdict for plaintiff for any amount raised no fundamental error or error apparent of record, since it would take a thorough consideration of the statement of facts to discover whether there was any force therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by the Houston Motor Company against the Harlingen Land & Water Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Lane, Wolters & Storey and Wm. A. Vinson, all of Houston, for appellants. E. P. & Otis K. Hamblen, of Houston, for appellee.

FLY, C. J. This is a suit on a promissory note executed by appellants to appellee for $2,700, dated March 8, 1908, with certain credits thereon amounting to $1,101.14. It was alleged by appellant that the note was

given for a Stoddard-Dayton automobile, sold to them by appellee; that the automobile was warranted to be new and perfect in its parts; that the car was defective and appellants were compelled to buy two new cylinders, a new frame, and a wheel, and in one year bought 14 axles and were compelled to make other repairs. It was further alleged: "By reason of the premises these defendants say that the consideration for which said note was given has wholly failed, which they are ready to verify; that they are entitled to cancellation of said note, or in the alternative by further occasion of the premises, by reason of the various outlays and expenses incurred upon said car, defendants have been injured and damaged in the sum of $1,528.75, actual damages, which they are entitled to recover from the plaintiff or as an offset against plaintiff's demand and for which they now sue." The cause was tried by jury, but a verdict was instructed for appellee, upon which the judgment was rendered.

[1, 2] The motion for new trial is as follows: "Now come the defendants, the Harlingen Land & Water Company and Lon C. Hill, and move the court to set aside the verdict and judgment rendered herein against them and grant them a new trial because the verdict and judgment are contrary to the law and the evidence and because the court erred in instructing the jury to return a verdict in favor of the plaintiff for any amount." The only assignment is: "The court erred in instructing the jury to return a verdict in favor of the plaintiff for any amount, as is shown by defendants' motion for a new trial, in paragraph 1 thereof."

It is provided in article 2020, Rev. Stats., that a motion for new trial "shall specify the ground upon which it is founded, * * * and no grounds other than those specified shall be heard or considered." Construing that statute, rule 68 for district and county courts (142 S. W. xxii) provides: "Grounds of objection couched in general terms—as that the court erred in its charge, and in sustaining or overruling exceptions to the pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to the evidence, the verdict of the jury is contrary to law, and the like—shall not be considered by the court."

It is clear that the charge of the court is attacked upon one ground, and that is because the evidence failed to show that appellants were indebted to appellee. It is not claimed in the motion for new trial that the charge is erroneous because the evidence was conflicting and should have been submitted to the jury. There was nothing tangible in the motion for new trial upon which the trial judge could act. He was not informed upon what theory the charge of the court was erroneous. Why was it erroneous to in-

struct a verdict for appellee in any sum? Was it because the evidence was conflicting or insufficient to sustain a verdict? If so, in what particular was it conflicting and how did it fail to sustain the verdict? The mind of the court was not directed to any error, but the general contention was made that it was error to instruct a verdict. The court was not under any obligation to consider such a motion, and we conclude that he did not consider it. There was nothing in the motion to indicate what the complaint was, but it was as general and obscure as any one of the examples set out in rule 68. Assignments based upon such motions for new trial are never considered by appellate courts. White v. Wadlington, 78 Tex. 159, 14 S. W. 296; Sutherland v. McIntire, 28 S. W. 578; W. U. Tel. Co. v. Hartfield, 138 S. W. 418.

[3] In this case as in the case last cited appellants are seeking to attack the sufficiency of the evidence to sustain a verdict under an assignment complaining of a peremptory instruction. The propositions are not germane to the assignment of error and have no support therein.

Rule 24 for Courts of Civil Appeals (142 S. W. xii) is: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error. * * * *"

The assignment of error asserts that a verdict was not justified in any sum, and in the propositions it is practically admitted that appellee was entitled to a recovery in some sum. There is nothing in common between the assignment and the propositions. Railway v. Giles, 126 S. W. 282.

[4] No fundamental error is raised by or can arise from the assignment of error, nor is there one "apparent of record." On the other hand, it would take a thorough consideration of the statement of facts to discover, if perchance there is any force in the assignment. Houston Oil Co. v. Kimball, 103 Tex. 95, 122 S. W. 533, 124 S. W. 85.

The judgment is affirmed.