**JENNINGS v. SHEPHERD LAUNDRIES CO.**
(No. 8846.)

(Court of Civil Appeals of Texas. Galveston. April 15, 1926. Rehearing Denied May 13, 1926.)

1. **Appeal and error** ⬅️729—**Assignment of error in directing verdict, refusing to submit case to jury, overruling motion for new trial, and entering judgment, cannot be considered (District Court Rule 68; Court of Civil Appeals Rule 24; Rev. St. 1911, arts. 1607, 1612).**

Assignment of error in directing verdict, refusing to submit case to jury, overruling defendant's motion for new trial, and entering judgment, cannot be considered, in view of District Court Rule 68, Court of Civil Appeals Rule 24, Rev. St. 1911, arts. 1607, 1612; being too general, not distinctly specifying error relied on, nor relating to fundamental error, and necessitating detailed examination of entire record.

2. **Appeal and error** ⬅️901.

Appellate court need not make detailed examination of entire record to determine whether any error was committed.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by the Shepherd Laundries Company against H. F. Jennings. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 276 S. W. 726.

Leon Weinberg and Charles Murphy, both of Houston, for appellant.

Kennerly, Williams, Lee & Hill. Fred L. Williams, and W. H. Blades, all of Houston, for appellee.

GRAVES, J. This cause is at bar for the second time. Formerly it was here on appeal from the granting below of a temporary injunction; this time it comes in protest against a final judgment of the trial court perpetuating the injunction, entered after the jury had returned a verdict in favor of the appellee, pursuant to a peremptory instruction to that effect.

[1, 2] In his present appeal, appellant presents the following as the sole basis of his request for a review of the action taken below:

"Assignment of Error.

"The only error assigned by appellant is the action of the trial court in instructing the jury to return its verdict in favor of appellee, in refusing to submit this case to the jury, and in overruling appellant's motion for a new trial, and entering the judgment on the verdict as returned."

The appellee objects to the consideration here of this assignment on the ground that it is too general, does not distinctly specify the error relied upon, and does not relate to fundamental error, citing these authorities in support of the protest: District Court Rule No. 68; Rule No. 24 of Court of Civil Appeals; R. S. 1911, arts. 1607, 1612; Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Harlingen Land & Water Co. v. Houston Motor Co. (Tex. Civ. App.) 160 S. W. 628.

The objection is well taken; under this presentment, a detailed examination of the entire record would be necessary in order to determine whether or not any error had been committed—a burden not cast upon the appellate courts under our prevailing procedure. If the assignment were considered, however, it could not be sustained. The injunction restrained appellant from violating the terms of a contract declared upon by the appellee, providing that the former should not engage in the same business, or divert the appellee's business to others, within two years after he had left its employ. A full statement of the

case—inclusive of a complete copy of the contract—was made in this court's opinion on the former appeal, reported in 276 S. W. 726.

The pleadings and evidence in behalf of the appellant were, in effect, the same upon this trial as upon the hearing of the temporary injunction, and were therefore reviewed by this court in rendering its first judgment.

The only specific reasons now suggested by appellant in his brief for a reversal are: (1) That he made his contract with the Pantitorium, or H. M. Shepherd, not with the appellee, wherefore the latter should not be permitted to enforce the same; (2) that the contract was without consideration other than continued employment, hence should not have been enforced by injunction, the aggrieved party having an adequate remedy at law by way of damages. These matters were both fully passed upon before, as well as a further contention that the contract violated our Anti-Trust Law, and were determined adversely; no reason has been suggested, nor has any independently occurred to this court, for changing the conclusion then arrived at.

In the circumstances, it is deemed unnecessary to again discuss the details of the case; reference being made to our former opinion.

The trial court's judgment has been affirmed.

Affirmed.