**ELLIS v. WOODMEN OF WORLD LIFE INS. SOC.**

No. 14405.

Court of Civil Appeals of Texas.
Fort Worth.

March 27, 1942.

James E. Faulkner, of Henderson, for appellant.

Norman M. West, of Henderson, for appellee.

McDONALD, Chief Justice.

Appellee has filed a motion to dismiss the appeal on the ground that the appeal bond was not filed within the time required by law.

The motion for new trial was overruled, and notice of appeal was given, on August 14, 1941.

The term of court at which this case was tried began on August 4, 1941, and ended on October 4, 1941, as provided by Art. 199, Par. 4, Vernon's Ann. Civil Statutes, as amended in 1941. Therefore, under Art. 2253, Vernon's Ann. Civil Statutes, as amended in 1927, the appeal bond was required to be filed within 20 days after the date of the notice of appeal, the plaintiff appearing from the transcript to have been a resident of Rusk County.

The appeal bond was filed on September 9, 1941.

Under Rule No. 356 of the New Rules of Civil Procedure, Texas, which became effective on September 1, 1941, the appeal bond is required to be filed within 30 days after the date of the judgment or order overruling motion for new trial.

It is seen that the appeal bond was filed more than 20 days after the date of notice of appeal, and less than 30 days after the order overruling motion for new trial.

 We consider that the rule applicable is the proportionate rule referred to in 3 Tex.Jur. 272, and in such cases as Mineral Investing Corporation v. Bishop Cattle Co., 124 Tex. 387, 78 S.W.2d 174. Under this rule the time which has elapsed under the former period of limitation will be counted in the ratio which it bears to the whole period thereunder, and the time allowed under the new law will be computed on the basis of such ratio. Seventeen days expired before the effective date of the new rules of procedure. Therefore, 17/20ths of the time allowed under the old law had expired when the new law became effective, which had the effect of giving appellant 3/20ths of the time allowed by the new rule, after it became effective, within which to file her appeal bond. Three-twentieths of 30 (the number of days allowed under Rule 356) amounts to 4½. Thus, September 5th was the last day on which the appeal bond could lawfully be filed. Since the appeal bond was not filed until September 9th, the appeal must be dismissed.

 This renders moot another question which has been raised concerning the filing of a purported statement of facts.

The appeal is dismissed.