### POSTELL et al. v. SMITH et al.
### Motion No. 5352.

Court of Civil Appeals of Texas. Waco.

Sept. 21, 1944.

H. S. Beard and Willard McLaughlin, both of Waco, for appellants.

Barney A. Garrett, of Waco, for appellees.

HALE, Justice.

On August 11, 1944, Johnnie Postell and H. L. Smith presented to this court their application for permission to file transcript and statement of facts in connection with their attempted appeal from a final judgment rendered against them by the 19th District Court of McLennan County. We shall not attempt to discuss the disputed issues raised by the application and contest thereto as to whether good cause did in fact exist under the provisions of Rule 386, Texas Rules of Civil Procedure, for the failure of applicants to tender the transcript and statement of facts for filing within the time required by law, because we have concluded, for reasons which we shall note, that such issues are immaterial to a correct disposition of the application now pending before us.

The transcript which has been tendered for filing discloses that the cause was tried before the court below without a jury and judgment was duly entered in the Minutes of the trial court on May 3, 1944. This judgment recites, among other things, that the applicants and each of them in

520

open court duly excepted to all of said judgment at the time it was entered and gave notice of appeal therefrom to this court. On May 10, 1944, applicants filed in the court below what they designated as their motion for new trial, the only ground of which was "that the evidence is wholly insufficient to support the judgment rendered in this cause." On June 7, 1944, the trial court entered an order overruling the so-called motion for new trial, which order also recited that the applicants excepted thereto and gave notice of appeal therefrom to this court. No appeal bond was filed in the cause at any time. On June 30th a writ of possession was issued under the judgment and on July 1st a supersedeas bond in the sum of $600 was filed with and approved by the clerk of the trial court and a writ of supersedeas was issued thereon.

■ Inasmuch as this cause was tried before the court below without a jury, no motion for new trial was a necessary prerequisite to an appeal. Rule 324, Texas Rules of Civil Procedure. Having given notice of appeal from the judgment at the time it was entered on May 3, 1944, if applicants desired to perfect their appeal from such judgment they were required to do so by filing bond within thirty days from the date thereof. Rule 356, Texas Rules of Civil Procedure. It has been repeatedly held that the filing of a bond within the time required by law is a mandatory and jurisdictional prerequisite to the perfecting of an appeal. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561, point 1; Frier v. Krohn, Tex.Civ.App., 104 S.W.2d 537; Ellis v. Woodmen of World Life Ins. Soc., Tex. Civ.App. 160 S.W.2d 1002; Bruce v. San Antonio Music Co., Tex.Civ.App., 165 S.W.2d 243, error refused. Since applicants did not file any bond within thirty days from the time when the judgment was entered and notice of appeal given, this court does not have jurisdiction to review the judgment complained of unless such jurisdiction has been conferred by reason of the trial court's action on the so-called motion for new trial and in that event the grounds of review would necessarily be confined to the grounds of error set forth in the motion for new trial.

■ We doubt whether the instrument designated as a motion for new trial and the proceedings had thereunder were sufficient to confer jurisdiction upon this court to review the action of the trial court in overruling the same. National Consolidated Bond Corp. v. Burks, Tex. Civ.App., 114 S.W.2d 280; Id., Tex.Com. App., 134 Tex. 236, 132 S.W.2d 851. The motion was not made within two days after the rendition of judgment as required by Rule 320, Texas Rules of Civil Procedure. Moreover, the form of the motion is clearly in violation of the requirements of Rules 321, 322 and 323, Texas Rules of Civil Procedure. It does not contain any prayer and does not specifically ask that the judgment theretofore rendered be set aside. But if the instrument be regarded as a motion for new trial, the only ground thereof is so general in its terms that it could not properly be considered by this court for any purpose. Rule 322, T.R.C.P.; Jennings v. Shepherd Laundries Co., Tex. Civ.App., 284 S.W. 693; Kronkosky v. Kuhn, Tex.Civ.App., 259 S.W. 1009; San Antonio, U. & G. R. Co. v. Storey, Tex. Civ.App., 172 S.W. 188, point 8; Harlingen Land & Water Co. v. Houston Motor Co., Tex.Civ.App., 160 S.W. 628.

■ Notwithstanding the liberal policy of this court in preserving to every aggrieved litigant his legal right of appeal, we see no reason why permission should be granted to file a belated record when it conclusively appears therefrom that no relief could possibly be awarded upon final hearing, even though the court might have jurisdiction and discretionary power to grant such permission. Because we are of the definite opinion that no relief could be finally awarded to applicants under the record which they have tendered for filing, we have concluded that their application for permission to file the same at this time should be in all things refused and it is so ordered.