Porfirio C. ARANA, Appellant,

v.

Frank GALLEGOS, Appellee.

No. 12883.

Court of Civil Appeals of Texas.

San Antonio.

April 27, 1955.

Joe Burkett, San Antonio, for appellant.

G. Woodson Morris, San Antonio, for appellee.

PER CURIAM.

■ Appellee has filed a motion to dismiss this appeal. It appears that appellant filed his motion for a new trial on December 16, 1954, some fourteen days before judgment was rendered on December 30, 1954. Under the provisions of Rule 306c, Texas Rules of Civil Procedure, this prematurely filed motion will be regarded as having been filed on the day judgment was rendered, but subsequent to such rendition. Appellant attempted to file an amended motion for new trial on January 25, 1955, which was more than twenty days after the filing of the original motion, and therefore such tardily filed amended motion for a new trial cannot be considered for any purpose and is a nullity. Traders & General Ins. Co. v. Scott, Tex.Civ.App., 189 S.W.2d 633; Erwin v. Welborn, Tex.Civ.App., 207 S.W.2d 124; Dyche v. Simmons, Tex.Civ. App., 264 S.W.2d 208; Valley Transit Co. v. Lopez, Tex.Civ.App., 263 S.W.2d 830.

On February 4, 1955, appellee filed in the trial court his motion to dismiss both the original motion and amended motion for a new trial. This motion was heard by the trial court on February 7, 1955, and the following order entered, to-wit:

"On this the 7th day of February, 1955, came on to be heard the Motion of plaintiff to dismiss defendant's Original Motion for a New Trial, and also his Amended Motion therefor, and it appearing to the Court that both of said motions have been heretofore overruled by operation of law, and that consequently the court has no jurisdiction regarding or covering same, and to all of which action of the Court the defendant in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, sitting at San Antonio."

■ The trial judge was wrong about the motion's being overruled by operation of law. The original motion for new trial was not overruled under the facts, until forty-five days after the date on which the judgment was rendered, which is the date the law regards appellant's original motion for a new trial as having been filed. Under the provisions of Section 4 of Rule 329–b, T.R.C.P., effective January 1, 1955, an original motion for a new trial is never overruled by operation of law until forty-five days after its filing. This rule, which is now in effect, provides in part as follows:

"4. * * * In the event an original motion or amended motion for new trial be not presented within thirty (30) days after the date of the filing thereof, and the district judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto, such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered before said date."

It might be contended that the above provision of Rule 329–b should not govern the motion for a new trial herein, because the judgment was rendered before January 1, 1955, but we feel that it does govern this appeal. See Rule 814, T.R.C.P. The original motion for new trial was overruled by operation of law forty-five days after De-

cember 30, 1954, which was February 13, 1955. This would require the filing of the record here by April 14, 1955. The record was filed in this Court on April 1, 1955, well within the time allowed.

Even if the order entered by the trial judge on February 7, 1955, be regarded as an order overruling the original motion, which it certainly was not, the record was tendered here in less than sixty days from that date.

Appellee's motion to dismiss the appeal is overruled.