Porfirio C. ARANA, Appellant,

v.

Frank GALLEGOS, Appellee.

No. 12883.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 16, 1955.

Rehearing Denied Dec. 14, 1955.

Joe Burkett, San Antonio, for appellant.

G. Woodson Morris, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Frank Gallegos against Porfirio C. Arana, seeking to recover the sum of $18,056.50, plus $3,000 as attorney's fees, arising out of an alleged contract of employment. The trial was to a jury and judgment was rendered, in keeping with the findings of the jury, in favor of Gallegos in the sum of $4,381, plus $2,000 attorney's fees, from which judgment Porfirio C. Arana has prosecuted this appeal.

Under the provisions of Rule 324, Texas Rules of Civil Procedure, and the facts of this case, the timely filing of a motion for new trial in the lower court was an absolute prerequisite to an appeal. Appellant did timely file a formal motion for a new trial, and an amended motion for a new trial was attempted to be filed more than twenty days after the filing of the original motion for new trial, but such attempted filing was a nullity and cannot be considered by us. The amended motion for new trial was not entertained by the trial court. Arana v. Gallegos, Tex.Civ. App., 279 S.W.2d 491 (our opinion in this same case upon motion to strike record).

The original motion for a new trial contained only the following two purported assignments of errors:

"Because the verdict of the jury is contrary to the evidence.

"Because the judgment of the court is contrary to the law."

These two purported assignments of error are too general to be considered and do not point out the ruling of the court or the part of the proceedings objected to by appellant. Postell v. Smith, Tex.Civ.App., 182 S.W.2d 519; Novita Oil Co. v. Smith, Tex.Civ.App., 247 S.W.2d 151.

Appellant sets out three points in his brief, as follows:

"First Point: The error of the Court in holding there was a contract of employment at the sum of $74.00 per month, of appellee by appellant, and in submitting such issue to the jury.

"Second Point: The error of the Court in holding that there had been a compliance by appellee, and in submitting same to the jury, with Art. 2226, Vernon's Ann.Civ.St., by appellee presenting his claim to appellant, there being no evidence that any such claim was submitted for any amount, but only an indefinite demand of some sort.

"Third Point—Fundamental Error: The error of the Court in submitting to the jury any issue in this case because of the indefinite, confusing and chaotic condition of the evidence presented by appellee in support of his pleading."

These points are not based upon any assignment of error contained in appellant's motion for a new trial, and cannot be considered. Before a point can be considered on appeal it must be based upon an assignment of error contained in the motion for a new trial. Arnet v. Hull, Tex.Civ.App., 265 S.W.2d 806.

Appellant suggests that his third point is presented as fundamental error. The point does not present any fundamental error now recognized by our Courts. Ellard v. Chiara, Tex.Civ.App., 252 S.W.2d 991; Krottinger v. Marchand, Tex.Civ. App., 252 S.W.2d 217; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979.

The judgment of the trial court is affirmed.