Georgia GAVREL et vir, Appellants,

v.

Emmett YOUNG, Appellee.

No. 14803.

Court of Civil Appeals of Texas.

Houston.

Oct. 6, 1966.

Rehearing Denied Oct. 27, 1966.

Alfred C. Schlosser, Paul W. Wommack, Houston, for appellants.

Baker, Botts, Shepherd & Coates, Stephen A. Wakefield, Houston, for appellee.

COLEMAN, Justice.

This is a suit for personal injuries resulting from a rear-end collision. Judgment was entered for the defendant on the verdict of the jury which included a finding of contributory negligence on the part of the plaintiff and a finding of no damage. Appellants contend that these adverse findings are contrary to the great weight and preponderance of the evidence.

Since appellants' points in this appeal present the question of the sufficiency of the evidence to support the answers to certain special issues, Rule 324, Texas Rules of Civil Procedure requires that a motion for new trial be filed. Rule 374, T.R.C.P. provides that the motion for new trial shall constitute the assignments of error on appeal and that a ground of error not distinctly set forth in the motion for new trial shall be considered as waived.

Appellants' motion for new trial consisted of two paragraphs, reading:

I.

"The verdict is contrary to the evidence and not supported by the evidence, in that the undisputed evidence showed that the defendant was at fault by open judicial admission made by the Defendant in his testimony.

II.

"The verdict is contrary to the evidence in that the jury, in answering the Special Issues as to damages, answered Special Issue No. 15, 'NONE', when the undisputed and uncontradicted evidence showed that the Plaintiff Georgia Gavrel had suffered severe physical pain and mental anguish."

Paragraph II complains of Special Issue No. 15 and is sufficiently specific to direct the trial court's attention to their contention that the answer to this issue is contrary to the undisputed evidence. The point of error in appellants' brief that the answer to this issue is contrary to the great weight and preponderance of the evidence is germane to this assignment of error.

Paragraph I, however, is directed at the entire verdict and, in effect, is a contention that plaintiffs were entitled to a directed verdict. The defendant testified that he was distracted and his attention diverted by another automobile and a crowd of people looking toward him and that when he looked ahead it was too late to avoid the collision with plaintiff. The jury found that he was guilty of negligence in failing to keep a proper lookout and in failing to make proper use of his brakes and that these acts of negligence were proximate causes of the collision. The fact that the defendant admitted his negligence, if he did, would not be inconsistent with other evidence that the plaintiff also was guilty of negligence constituting a proximate cause of the collision.

Thus construed this assignment is without merit. The reason annexed to the

general complaint is calculated to call the attention of the court to the more specific complaint, and divert his attention from the more general part of the assignment. The attention of the court was not specifically directed to the point now raised, i. e., that the answers made by the jury to Special Issues 13 and 14 are contrary to the great weight and preponderance of the evidence. This point, therefore, is waived. Rule 374, T.R.C.P.; Field v. Sosby, Tex.Civ. App.1950, 226 S.W.2d 484, writ ref.

If we eliminate the reasoning as surplusage, the assignment reads: "The verdict is contrary to the evidence and not supported by the evidence." We might then reason that appellants were not attacking the issues found in their favor, or those that were immaterial. Since Special Issue 15 is attacked in another assignment, we could conclude that appellants intended to assign error only as to Issues 13 and 14, and that the assignment is sufficiently specific to afford basis for the point on appeal.

We have concluded, however, that we are not required, and over the objection of appellee, not authorized, to consider the point.

■ Many cases hold that an assignment in a motion for new trial to the effect that the verdict is contrary to or not supported by the evidence is too general to support a point on appeal. A.A.A. Air Conditioning & Mfg. Corporation of Texas v. Barr, Tex.Civ.App.1945, 186 S.W.2d 825, writ ref.; Texas Indemnity Ins. Co. v. Warner, Tex.Civ.App.1942, 159 S.W.2d 173, writ ref.; Weaver v. Tom Felton, Inc., Tex.Civ.App.1961, 346 S.W.2d 159, ref., n. r. e.; Reserve Life Insurance Co. v. Jansen, Tex.Civ.App.1962, 357 S.W.2d 770, ref., n. r. e.; Louisiana & Arkansas Ry. Co. v. Robinson, Tex.Civ.App.1957, 302 S.W.2d 665, ref., n. r. e.; cert. den. 355 U.S. 959, 78 S.Ct. 537, 2 L.Ed. 534; Novita Oil Co. v. Smith, Tex.Civ.App.1952, 247 S.W. 2d 151; Redman v. Cooper, Tex.Civ.App. 1942, 160 S.W.2d 318; Arana v. Gallegos, Tex.Civ.App.1955, 284 S.W.2d 958; Postell v. Smith, Tex.Civ.App.1944, 182 S.W.2d 519.

■ The jury's answer to the damage issue, Special Issue No. 15, is immaterial since the findings of contributory negligence bar any recovery of damages. It is not necessary to consider the point complaining that the answer to this issue is contrary to the great weight and preponderance of the evidence. Garza v. San Antonio Transit Co., Tex.Civ.App.1944, 180 S.W.2d 1006, error ref.; Citizens Nat. Bank of Abilene v. Overstreet, Tex.Civ.App.1934, 77 S.W.2d 250, error ref.

The judgment of the trial court is affirmed.