**Rex BARTON, Appellant,**

v.

**Cecil DAVIS, Appellee.**

*No. 6008.*

Court of Civil Appeals of Texas.

El Paso.

April 2, 1969.

Rehearing Denied April 23, 1969.

Ronald R. Calhoun, El Paso, for appellant.

Richard Yetter and James T. Allen, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is a suit arising out of the purchase-sale of a house trailer. Appellee, as plaintiff, recovered a money judgment against appellant, defendant and cross-plaintiff. We are of the opinion that the judgment of the trial court should be affirmed.

Speaking of the parties as they appeared in the trial court, plaintiff purchased a house trailer from the defendant, and the parties together went to the Coronado State Bank where the plaintiff executed a note payable to the bank, which was co-signed by the defendant. Title to the house trailer remained with the note and did not pass to the plaintiff. From the proceeds of the note, some $950.00 went to pay off an existing lien against the house trailer, and approximately $2,000.00 went to the defendant. After plaintiff had made some seventeen monthly payments of $87.00 each on the note, it was purchased by the defendant from the bank and a dispute then arose as to whether the parties' agreement had been breached. Defendant recovered possession of the house trailer through a forcible entry and detainer suit in a justice of the peace court. Plaintiff brought this suit alleging breach of contract and seeking recovery of the installments he had made on the note and asking for other damages. Defendant's cross-action claimed a prior breach of contract on the part of plaintiff and additional money due under the parties' agreement other than that represented by the note.

In substance, the findings of the jury were to the effect that the plaintiff was not in default in the note, that he was ready, willing and able to continue making payments, and had offered to make such payments. They further found that the parties did not have an agreement for the purchase of a storage building and fixtures as maintained by the defendant. The jury further found that the sum of $2,500.00 would compensate plaintiff for his damages, which were the proximate result of the taking of the house trailer by the defendant. Against this amount the trial court offset the justice court judgment of $115.50 which the defendant had obtained against the plaintiff, and the plaintiff filed a voluntary remittitur so that the judgment actually entered by the trial court was in the amount of $1,354.29.

We have examined all of appellant's assignments of error, but do not believe that they present error, or that they do not present error which has been preserved. For those reasons we will affirm the trial court's judgment, and do not find it necessary to discuss each assignment of error in detail.

Appellant assigns as error the failure of the trial court to submit two requested issues which read as follows:

"Question No. 1: Do you find from a preponderance of the evidence that the plaintiff, Cecil Davis, breached the oral contract between the parties prior to the purchase by defendant, Rex Barton, of the promissory note from the Coronado State Bank?

"Question No. 2: Do you find from a preponderance of the evidence that the letter of January 25, 1967 from Mr. Richard Yetter, attorney for the plaintiff Cecil Davis, constituted a breach of the oral contract previously entered between the parties?"

The trial court properly refused to submit these issues for the reason that they are clearly questions of law, and to have submitted them to the jury for consideration would have been reversible error. Foerster v. Peoples, Tex.Civ.App., 362 S.W.2d 918. Rule 279, Rules of Civil Procedure, requires the trial court to submit controlling issues which are supported by the pleadings and evidence. It is well settled that only issues of fact are to be submitted to the jury, as the questions of law are for the court.

■ Appellant makes the broad point that the trial court committed error in ignoring the cross-action of the defendant, which cross-action was based upon an uncontradicted promissory note. We do not view this position as valid because in his prayer the defendant prayed judgment of the court affirming that he was entitled to take possession of the premises and entitled to retain possession, clarifying his legal title to the property in question and granting him judgment in the amount of $115.50 as represented by a justice court judgment; or, in the alternative, if in fact the court grants possession of the premises to the plaintiff, Davis, that he have judgment for the $115.50, and that he recover interest on the $2,044.00 balance of the bank note, secured by a lien on the property. Thus he did not seek to recover the balance owing on the note, and in fact he was probably not in position to do so because he had re-acquired the house trailer and did not plead a deficiency between the value of the re-acquired trailer and the remaining balance on the note. The court granted the defendant the $115.50 justice court judgment by offsetting it against the amount allowed the plaintiff. As to the pleadings in his cross-action in regard to an agreement to purchase additional property consisting of a storage building and fixtures, the court covered that part of the pleadings of the defendant by submitting Issues Nos. 4, 5 and 6.

■ Appellant's contention to the effect that the court granted judgment on the theory of conversion, when plaintiff's case had been based on the law of contract, cannot be sustained as error. This contention, on appeal, comes too late because there was no objection to the court's charge in that regard. The only objection to the court's charge was to the failure to submit the two special issues, which we have referred to above. Under such circumstances we feel that the issues which the court submitted support the judgment, and in this connection we note that Issue No. 7, standing alone and unobjected to, is possibly sufficient to support the judgment; and certainly with the other issues and the implied findings of the court (which we must presume in support of the judgment of the court in the absence of objection to the charge) all taken together fully support the judgment of the court. In other words, the unobjected-to charge leaves room for all implied findings necessary to sustain the judgment. Such findings as were submitted to the jury, plus the implied findings, equal support for the judgment.

■ The point that the trial court committed error in failing to grant the defendant a new trial on the ground that the verdict of the jury had insufficient evidence to support the findings of the jury, and that the verdict returned by the jury was so against the overwhelming weight and preponderance of the evidence that it ought not to stand, is too broad a point or attempted assignment to merit consideration, and the trial court properly overruled it.

All points of error have been considered and all are overruled, and the judgment of the trial court is affirmed.