**Peggy S. BIRKELAND, Appellant,**

v.

**ROLLINS SERVICES, Appellee.**

**No. 15923.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 21, 1977.

Rehearing Denied Feb. 8, 1978.

Louis T. Rosenberg, Thomas J. Rocha, Jr., San Antonio, for appellant.

Donald R. Taylor, Foster, Lewis, Langley, Gardner & Banack, San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Rollins Services, appellee, against Peggy S. Birkeland, appellant, concerning whether proceeds from an insurance policy and two pieces of real property correctly form a part of a decedent's estate. The appellant, Peggy S. Birkeland, is the widow and was the co-independent executor of the deceased Lionel O. Birkeland's estate. The trial was to a jury and judgment was rendered in keeping with the findings of the jury, in favor of appellee, from which judgment appellant has prosecuted this appeal.

The motion for new trial contained the following three purported assignments of error:

I

The verdict of the jury is contrary to the great weight and preponderance of the evidence.

II

The verdict was obtained as a result of jury misconduct and said misconduct resulted in injury to Movant. Attached hereto as Exhibit A is an affidavit substantiating said jurors' misconduct.

III

Two or more jurors disregarded the Court's charge as to burden of proof and considered PEGGY S. BIRKELAND'S failure to testify against her and against the estate.

Appellant sets out three points in her brief, as follows:

1. The case should be reversed because the life insurance proceeds (Provident Mutual Life Insurance Company of Philadelphia belong to the widow of Lionel O. Birkeland and not to his estate.

2. The evidence is insufficient to support the jury's verdict that the parcels of land belong to the estate.

3. The case should be reversed because half of the proceeds of the insurance policy had vested in Lionel O. Birkeland's widow at the time of his death.

■ Appellant's second and third assignments of error in her motion for new trial, jury misconduct, have not been briefed and are therefore waived. *Texas Co. v. State*, 154 Tex. 494, 281 S.W.2d 83 (1955); Tex.R. Civ.P. 418 (1978).

■ The remaining assignment of error in appellant's motion for new trial is too general to be considered and does not point out the rulings of the court or the part of the proceedings objected to by appellant. *Murphy v. Maroney*, 456 S.W.2d 787 (Tex. Civ.App.—Waco 1970, writ ref'd n. r. e.);

*Gavrel v. Young*, 407 S.W.2d 518 (Tex.Civ. App.—Houston 1966, writ ref'd n. r. e.); Tex.R.Civ.P. 322 (1978).

■ Appellant's points set out in her brief are not based upon any assignment of error contained in appellant's motion for new trial, and cannot be considered. Before a point can be considered on appeal it must be based upon an assignment of error contained in the motion for new trial.[1] *Avnet v. Hull*, 265 S.W.2d 906 (Tex.Civ.App.—Dallas 1954, writ ref'd n. r. e.); *Gavrel v. Young, supra.*

■ Appellant's attorney suggests in oral argument that the points may be presented as fundamental error. These points do not present any fundamental error that is now recognized by our courts. *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947). Since the adoption of the rules of civil procedure, the concept of fundamental error is much narrower and has become somewhat of a rarity. 3 Tex.Jur.2d *App. & Error* § 102 (1959); 20 Baylor L.Rev. 433 (1968).

The judgment of the trial court is affirmed.

---

1. Rule 324, Tex.R.Civ.P., to become effective January 1, 1978, changes this rule and a motion for new trial will no longer be required in a jury trial.