Samuel V. GARCIA, Jr., et al.,
Appellants,

v.

Elvira G. VASQUEZ, Appellee.

No. 16747.

Court of Civil Appeals of Texas,
San Antonio.

May 20, 1981.

Roger C. Rocha, Laredo, for appellants.

C. M. Zaffirini, Laredo, for appellee.

OPINION

CADENA, Chief Justice.

Appellants attempt to appeal from an order, signed December 19, 1980, granting a temporary injunction.

At the time the order was signed, Rule 385, Tex.R.Civ.P. (1977), as then worded, required appellants to file their appeal or

supersedeas bond, and to file the record in this Court within 20 days after December 19, 1980. Under such rule, the bond and record were required to be filed no later than January 8, 1981, unless the time was extended in the manner prescribed in the rules.

Effective January 1, 1981, Rule 385 was amended to provide for the filing of the bond and the record within 30 days after the signing of the challenged order. Rule 385(d), Tex.R.Civ.P. (1980). Under such provision, the time for filing the bond and record would not have expired until January 19, 1981.

Appellants filed a cash deposit in lieu of bond in this case on January 19, 1981, the 30th day after the signing of the order granting the temporary injunction. They filed the record in this Court on January 22, 1981.

■ A change in the time during which the steps necessary to obtain appellate review must be taken is applicable to judgments signed prior to the effective date of the change. Where the effect of the change is to shorten the time, the appellant must be given a reasonable time, after the effective date of the new statute or rule, to perfect his appeal. *Wright v. Hardie*, 88 Tex. 653, 32 S.W. 885 (1895). Where the period has been shortened and the "limitation" period has been running, but has not expired, at the time the new rule becomes effective, the appellant is allowed "such proportion of the unexpired period under the old statute as the time prescribed by it bears to the period limited by the new." *Id.* 32 S.W. at 886.

The same apportionment rule was applied in a case where the new rule or statute lengthened the limitation period. In *Ellis v. Woodmen of the World Life Ins. Soc.,* 160 S.W.2d 1002 (Tex.Civ.App.—Fort Worth 1942, no writ), the applicable statute required filing of the appeal bond within 20 days after the date when notice of appeal was given. The 1941 Rules of Civil Procedure, which became effective September 1, 1941, required that the bond be filed within 30 days after the date of judgment or order

overruling the motion for new trial. The motion for new trial was overruled and notice of appeal was given on August 14, 1941. Appellant filed the appeal bond on September 9, 1941, more that 20 days after he gave notice of appeal but within 30 days after the motion for new trial was overruled. The court applied neither the old period nor the new, saying that the time which had elapsed under the 20-day statute "will be counted in the ratio which it bears to the whole period thereunder, and the time allowed under the new law will be computed on the basis of such ratio." 160 S.W.2d at 1003. At the time the new rule became effective on September 1, 1941, 17 days, or $17/20$, of the time allowed under the old statute had expired "giving appellant $3/20$ of the time allowed under the new rule, after it became effective, within which to file her appeal bond." *Ibid.* Since $3/20$ of 30 is four and one-half days, the Court concluded that the effect of the new rule was to extend the time until September 5, 1941, rather than until September 13, 1941 (30 days after August 14, 1941), so that the bond filed on September 9 was not timely filed and the appeal was dismissed.

■ Applying the apportionment rule to the present case, it appears that on January 1, 1981, when the amendment became effective, 12 days, or $3/5$ of the time allowed under the old rule had expired, giving appellants $2/5$ of the 30-day period allowed under the new rule, or 12 days, within which to file their appeal bond. Under the rule applied in *Ellis,* the cash deposit in lieu of bond filed on January 19, 1981, and the record filed on January 22, 1981, were not timely filed.

The appeal is dismissed.