In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00143-CV


______________________________








IN THE MATTER OF THE MARRIAGE OF


TINA B. APPLEGATE AND


BRIAN K. APPLEGATE








 


On Appeal from the 276th Judicial District Court


Camp County, Texas


Trial Court No. DV-01-3492




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 Tina B. Applegate appeals from the trial court's judgment granting her divorce from
Brian K. Applegate. The record shows the trial court signed the judgment June 3, 2002. 
Under Rule 26.1(a), a notice of appeal must be filed within thirty days after the judgment
is signed or within ninety days after the judgment is signed if the defendant files a timely
motion for new trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusions of law. Tex. R. App. P. 26.1(a).

 The record shows Tina filed a timely motion for new trial; therefore, the notice of
appeal was due by September 3, 2002. See Tex. R. App. P. 4.1(a) (if the last day of a
period is on a Saturday, Sunday, or legal holiday, the period is extended to the end of the
next day that is not a Saturday, Sunday, or legal holiday). The notice of appeal was filed
September 16, 2002. Therefore, it appears this Court is without jurisdiction over the
appeal.

 We informed Tina of this defect and instructed her to show cause why this appeal
should not be dismissed for want of jurisdiction. See Tex. R. App. P. 42.3(a). Tina has
filed a response in which she claims this Court has jurisdiction under Rule 26.1(c), which
requires a party to file a notice of appeal in a restricted appeal within six months after the
trial court signs the judgment or order. (1) See Tex. R. App. P. 26.1(c).

 A restricted appeal is available for the limited purpose of providing a party that did
not participate at trial with the opportunity to correct an erroneous judgment. Campbell v.
Fincher, 72 S.W.3d 723, 724 (Tex. App.-Waco 2002, no pet. h.); In re E.K.N., 24 S.W.3d
586, 590 (Tex. App.-Fort Worth 2000, no pet.). To be entitled to a restricted appeal, a
party must show he or she (1) filed a notice of restricted appeal within six months of when
the trial court signed the judgment or order; (2) did not participate in the hearing that
resulted in the judgment complained of, either in person or through counsel; (3) did not
timely file a postjudgment motion or a request for findings of fact and conclusions of law;
and (4) did not file a notice of appeal within the time permitted by Rule 26.1(a). See Tex.
R. App. P. 30. These requirements are jurisdictional and, if they are not met, will cut off a
party's right to seek relief by way of a restricted appeal. Clopton v. Pak, 66 S.W.3d 513,
515 (Tex. App.-Fort Worth 2001, pet. denied).

 In addition, a notice of appeal in a restricted appeal must (1) identify the trial court
and state the case's trial court number and style; (2) state the date of the judgment or order
from which the appeal is taken; (3) state that the party desires to appeal; (4) state the court
to which the appeal is taken; (5) state the name of each party filing the notice; (6) state the
appellant did not participate in the hearing that resulted in the judgment complained of,
either in person or through counsel; (7) state the appellant did not timely file either a
postjudgment motion, a request for findings of fact and conclusions of law, or other notice
of appeal; and (8) be verified by the appellant if the appellant does not have counsel. Tex.
R. App. P. 25.1(d).

 Tina's appeal does not qualify as a restricted appeal. First, her notice of appeal
does not state that she did not participate in the hearing that resulted in the judgment
complained of and does not state that she did not timely file a postjudgment motion, a
request for findings of fact and conclusions of law, or other notice of appeal. More
importantly, the record shows Tina filed a timely postjudgment motion for new trial. 
Therefore, she cannot pursue a restricted appeal. See S. P. Dorman Exploration Co. v.
Mitchell Energy Co., 71 S.W.3d 469, 470 (Tex. App.-Waco 2002, no pet. h.); Lab. Corp.
v. Mid-Town Surgical Ctr., Inc., 16 S.W.3d 527, 528 (Tex. App.-Dallas 2000, no pet.).

 We dismiss the appeal for want of jurisdiction.



 Donald R. Ross

 Justice


Date Submitted: November 19, 2002

Date Decided: November 20, 2002


Do Not Publish

1. In her response, Tina references Rule 26.1(d), but that rule relates to the filing of
a notice of appeal after another party has filed a notice of appeal. See Tex. R. App. P.
26.1(d). No other party has appealed from the trial court's judgment, and Tina's response
clearly indicates she is seeking a restricted appeal.


 The assignments are too general to be
considered."); Barton v. Davis, 441 S.W.2d 299, 301 (Tex. Civ. App.--Beaumont 1969, writ ref'd
n.r.e.) ("The point that the trial court committed error in failing to grant the defendant a new trial on
the ground that the verdict of the jury had insufficient evidence to support the findings of the jury
. . . was too broad a point or attempted assignment to merit consideration."); Kolancy v. Pelech, 201
S.W.2d 257, 259 (Tex. Civ. App.--Galveston 1947, no writ) (Appellant waived the points of error
after noting "his quoted points on this feature amount to no more than saying that the judgment of
the trial court was not supported by the evidence. In jury trial our authorities, with one voice,
condemn such generalities."); 54 Tex. Jur.3d New Trial § 129 (2009); see also Arkoma Basin
Exploration Co., 249 S.W.3d at 387 (a single objection to all jury answers is too general); Tex.
Midland R.R. v. Johnson, 20 Tex. Civ. App. 572, 50 S.W. 1044 (1899) ("The motion for new trial
only states 'the evidence does not support the verdict,' and is too general to require notice."). (1) 


 In this case, Parkerson attempted to preserve error by filing a motion for new trial. In its
entirety, the operative portion of the motion states "[t]hat the evidence at trial does not support the
jury's verdict and the judgment based thereon." This general statement is deficient because it does
not specify whether it is based on legal or factual sufficiency, whether the motion is directed toward
all jury issues or specific ones, and therefore preserves nothing for our review. (2) Gerdes, 155 S.W.3d
at 533-34 (overruling general challenges); see Christus Health/St. Joseph Hosp. v. Price, No. 01-05-00210-CV, 2007 WL 1500854, at *3-4 (Tex. App.--Houston [1st Dist.] May 24, 2007, no pet.)
(mem. op.); Steves, 751 S.W.2d at 477 ("while Steves did object to issue nine, the objection was not
a 'no evidence' or 'legal insufficiency' objection"); Marino v. Hartsfield, 877 S.W.2d 508, 512-13
(Tex. App.--Beaumont 1994, writ denied). 





 Thus, we affirm the trial court's judgment. 


 Jack Carter 

 Justice


Date Submitted: June 19, 2009

Date Decided: June 25, 2009



1. 
 
 
 
 
 
 
 
 
 
 
 - 
 - 
 
 - 
 
 - 
 
 
 
 
2.