In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00007-CV


______________________________






IN THE ESTATE OF IVOR D. BYFORD, DECEASED






 


On Appeal from the 294th Judicial District Court


Van Zandt County, Texas


Trial Court No. 01-00315




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A jury found that Nona Parkerson exercised undue influence over Ivor D. Byford and that
Byford did not have testamentary capacity to execute a will in 2000 naming Parkerson executrix and
sole heir of Byford's estate. It further found that Parkerson did not act in good faith in defending the
2000 will. As a result, the trial court probated Byford's 1997 will. Parkerson appeals the trial court's
judgment and argues that there was no evidence of undue influence, that Byford lacked testamentary
capacity, and that the "overwhelming" and "uncontroverted" evidence conclusively established
Byford had testamentary capacity and was not unduly influenced when executing the 2000 will. 
Because we find that Parkerson failed to preserve these arguments, we overrule her points of error
and affirm the trial court's judgment. 

 The "cardinal rule for preserving error is that an objection must be clear enough to give the
trial court an opportunity to correct it." Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.,
249 S.W.3d 380, 387 (Tex. 2008); see Tex. R. Civ. P. 321 ("Each point relied upon in a motion for
new trial . . . shall briefly refer [to the relevant trial proceeding] in such a way that the objection can
be clearly identified and understood by the court."). A motion for new trial is a prerequisite to a
complaint on appeal that the evidence is factually insufficient to support the jury's findings or that
the findings are against the great weight of the evidence. Tex. R. Civ. P. 324. While this rule "does
not expressly require a motion for new trial to complain of legal sufficiency in a jury trial, the
Supreme Court has imposed such a requirement if the error has not been otherwise preserved." 
Ramirez v. State, 973 S.W.2d 388, 390 (Tex. App.--El Paso 1998, no pet.) (citing Aero Energy, Inc.
v. Circle C Drilling Co., 699 S.W.2d 821, 822 (Tex. 1985)). In order to preserve a "no-evidence"
point  of  error,  it  must  first  be  presented  to  the  trial  court  in:  (1)  a  motion  for  instructed
verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission
of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) a
motion for new trial. Steves Sash & Door Co. v. Ceco Corp., 751 S.W.2d 473, 477 (Tex. 1988).

 Judicial economy requires that a trial court have the opportunity to correct an error before an
appeal proceeds. In re C.O.S., 988 S.W.2d 760, 765 (Tex. 1999). The purpose of a motion for new
trial is to provide the trial court with such an opportunity. Gerdes v. Kennamer, 155 S.W.3d 523,
532 (Tex. App.--Corpus Christi 2004, pet. denied). For this reason, Rule 322 of the Texas Rules
of Civil Procedure prohibits generality in motions for new trial. "Grounds of objections couched in
general terms--as . . . the verdict of the jury is contrary to law, and the like--shall not be considered
by the court." Tex. R. Civ. P. 322. Consequently, a motion for new trial is deficient if it merely
states that the verdict is not supported by the evidence or is contrary to the evidence. White v.
Wadlington, 78 Tex. 159, 14 S.W. 296 (1890) (finding grounds on which claim that "the verdict is
contrary to the evidence" should be distinctly stated); Murphy v. Maroney, 456 S.W.2d 787, 788
(Tex. Civ. App.--Waco 1970, writ ref'd n.r.e.) ("The assignments in the prerequisite motion for new
trial are that 'the verdict is contrary to the evidence,' and 'there is insufficient evidence' or 'no
evidence' to support the verdict of the jury and the judgment. The assignments are too general to be
considered."); Barton v. Davis, 441 S.W.2d 299, 301 (Tex. Civ. App.--Beaumont 1969, writ ref'd
n.r.e.) ("The point that the trial court committed error in failing to grant the defendant a new trial on
the ground that the verdict of the jury had insufficient evidence to support the findings of the jury
. . . was too broad a point or attempted assignment to merit consideration."); Kolancy v. Pelech, 201
S.W.2d 257, 259 (Tex. Civ. App.--Galveston 1947, no writ) (Appellant waived the points of error
after noting "his quoted points on this feature amount to no more than saying that the judgment of
the trial court was not supported by the evidence. In jury trial our authorities, with one voice,
condemn such generalities."); 54 Tex. Jur.3d New Trial § 129 (2009); see also Arkoma Basin
Exploration Co., 249 S.W.3d at 387 (a single objection to all jury answers is too general); Tex.
Midland R.R. v. Johnson, 20 Tex. Civ. App. 572, 50 S.W. 1044 (1899) ("The motion for new trial
only states 'the evidence does not support the verdict,' and is too general to require notice."). (1) 


 In this case, Parkerson attempted to preserve error by filing a motion for new trial. In its
entirety, the operative portion of the motion states "[t]hat the evidence at trial does not support the
jury's verdict and the judgment based thereon." This general statement is deficient because it does
not specify whether it is based on legal or factual sufficiency, whether the motion is directed toward
all jury issues or specific ones, and therefore preserves nothing for our review. (2) Gerdes, 155 S.W.3d
at 533-34 (overruling general challenges); see Christus Health/St. Joseph Hosp. v. Price, No. 01-05-00210-CV, 2007 WL 1500854, at *3-4 (Tex. App.--Houston [1st Dist.] May 24, 2007, no pet.)
(mem. op.); Steves, 751 S.W.2d at 477 ("while Steves did object to issue nine, the objection was not
a 'no evidence' or 'legal insufficiency' objection"); Marino v. Hartsfield, 877 S.W.2d 508, 512-13
(Tex. App.--Beaumont 1994, writ denied). 





 Thus, we affirm the trial court's judgment. 


 Jack Carter 

 Justice


Date Submitted: June 19, 2009

Date Decided: June 25, 2009



1. 
 
 
 
 
 
 
 
 
 
 
 - 
 - 
 
 - 
 
 - 
 
 
 
 
2.